'Clrief Justice Robertson
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment sustaining a demurrer to an indictment charging Henry (j. Pope with challenging George D. Prentice, to fight . . , ' , , ni m single combat, with deadly weapons. .
The indictment, after charging, that the said Henry C. Pope, intending maliciously to take the life of the sa;<j Qeorge H. Prentice, unlawfully challenged him to single combat, with deadly weapons, by the following challenge in writing:—
‘■'■July 2nd, 1833.
-. . „ . , . “lam m receipt ot yours oi this date, declining « one 0f the demands made of you in my card of the J . • “ 29th. You will now afford me the satisfaction which “ is due from man to man, under similar circumstances.
Respectfully,
“Mr. George D. Prentice. Henry C. Pope'.”
“ P. S. My friend Mr. Allen is authorized to make any “ arrangements necessary. h. c. p.”
—concluded with the following averment: — “Then and “ there meaning and intending by the said writing, so *419 K made and delivered as aforesaid, a challenge to the K said George D. Prentice, to fight with deadly weapons, “ towit, pistols, with him the said Henry O. Pope, con- “ trary to the form of the statute in that case made and “ provided, and against the peace and dignity of the “ Commonwealth of Kentucky.”
The only objection which has been, or, as we presume, can, with any plausibility, be made to the indictment, is, that the writing which has been quoted, does not necessarily import a challenge to fight with unlawful weapons, and especially with pistols.
A similar objection was sustained in the case of “the Commonwealth vs. Rowan,” lately decided by this court. But there is an essential difference between the indictment in that case, and the one which we are now considering. In the former, there was no averment, that the letter, characterized as a challenge, -was intended as a challenge to fight with pistols or with any deadly weapons. In this case, that omission is supplied. And it was only for the want of some such averment, that this court decided that the indictment in that case, was defective. And consequently, as this case presents the converse of that, in this particular, it would seem to follow, that the indictment now under consideration, should be deemed substantially good.
This Court cannot judicially know the technics of duelists; nor can we be presumed to possess a judicial knowledge respecting the accustomed etiquette and forms observed in negotiations preliminary to those beligerent interviews erroneously denominated affairs of honor. But we may presume that, when the parties interchange written communications, if neither can be convicted, unless those documents literally import a challenge or an acceptance to fight in single combat, with deadly weapons, the statute for prohibiting the practice of duelling, would become a mere brutum fulmen, without any practical efficacy whatsoever. The communications in writing constitute only one species of evidence-of the fact, that an unlawful challenge has been given or accepted: — they may not constitute the whole, or the only, or even the most direct and explicit proof. They *420 may, therefore, when they exist, be explained, or applied, or aided, by oral evidence, as was decided in the case of the Commonwealth vs. Hart.
The fact that a challenge has been given or accepted, is one which, from its nature, and from the circumstances accompanying it, is evidently susceptible of proof by oral, or written evidence, or both together, and which may require the combination of both kinds of evidence*
Now, although no court could decide judicially, that the letter embodied in the indictment in this case, was a a challenge to fight, with pistols, because it does not literally so import to have been, nevertheless, it may have been, so intended and understood; and, if thus intended and understood, it was such a challenge. Oral proof as to what Pope intended and Prentice understood by it, would not be inconsistent with any rule of evidence or of common, sense, and would, therefore, be admissible, as without some extraneous allegation or proof, a court could not decide that it was a challenge to fight in single combat, with deadly weapons, and as the question whether it was such a challenge,depending on what the writer intended, and was understood as meaning by it, may be satisfactorily settled by extraneous and oral evidence, the concluding averment in the indictment was proper, and ought, in our judgment, to be deemed sufficient to show,prima facie, that Pope’s letter was a challenge to fight with deadly weapons — even with pistols. For witnesses might, so far as this Court can know, prove that it was, or should have been understood to be, a challenge to fight with pistols, or with the usual weapons, and that, pistols were the customary weapons among duelists.
Whether it would be necessary to prove, as charged, that the challenge was to fight with pistols, we should not now decide, and therefore should not be understood as intimating*
Wherefore, considering the ipdictment good, on its face, it is the judgment of this court, that the order of the circuit Judge, sustaining the demurrer and quashing tire indictment, be reversed and the case remanded.