JUD&E BULLITT
delivered the opinion op the court:
Moody was indicted for challenging Horace Heffren to fight in single combat, with deadly weapons. There was a verdict against him for a fine of $500; a motion in arrest of judgment, and for a new trial, were overruled, and a judgment was rendered upon the verdict, from which he appealed.
1. It is contended that the indictment is defective because it does not aver that either Moody or Heffren was a citizen of this State.
Lirst. It is urged that the legislature was deprived of the power to punish a person for challenging any one not a citizen of this State by the following provision of the Constitution: “ Any person who shall, after the adoption of this constitution, either directly or indirectly, give, accept, or knowing-ingly carry a challenge to any person or persons to fight in single combat, with a citizen of this State, with any deadly weapon, either in or out of the State, shall be deprived of the right to hold any office of honor or profit in this Commonwealth, and shall be punished otherwise in such manner as the General Assembly may prescribe by law.” (Art. 8, sec. 20.)
We perceive nothing in that clause indicating an intention to deprive the legislature of the power which it possessed, without constitutional grant, to punish a person for challenging, in this State, any one, whether a citizen or alien.
Secondly. It is contended that the legislature inténded only .to punish dueling between citizens of this State — 1. Because, as alleged, the constitutional provisions are clearly limited to duels by citizens of this State with citizens of this *3 State. 2. Because the act against dueling prescribes not only •the penalty of fine or imprisonment, but also those of forfeiture of office, and disqualification to hold office or exercise the right of suffrage within this State, for seven years after conviction.
(1). It is clear that the constitutional provision, above cited, is not limited to duels between citizens of this State. It does not prohibit a citizen from giving a challenge to, or accepting a challenge from, one who is not a citizen ; but it applies to every person, whether a citizen or not, who gives a challenge to or accepts one from a citizen; and provides that such person, though not then a citizen, shall be deprived of the right to hold any office of honor or profit in this Commonwealth; and leaves the legislature free to prescribe the penalty in all other cases. • •
(2.) The first and second sections of the act against dueling apply to “ whoever shall challenge another, ” and “ whoever shall accept any such challenge.” The argument,, that the provisions of these sections, prescribing the penalty of fine and imprisonment, or both, should be limited, by construction, to duels between citizens of this State, because the fourth section disfranchises persons convicted under the first and second sections, is deprived of most of its force by the fact already shown, that the Constitution provides for the disfranchisement of duelists, though they may not be citizens at the time of the offense. It might be urged, with equal force, that the provisions of the Revised Statutes concerning larceny, and several other felonies, should be limited, by construction, to citizens of this State, because persons convicted of those crimes are disfranchised for a certain period. (Revised Statutes,chap. 32, art. 12, sec. 15.)
2. It is contended that the indictment is defective, because it does not aver that the paper therein copied, and averred to have been meant and intended by Moody as a challenge, was so understood by the parties. Such an averment was unnecessary.
*4 This indictment contained the same averments as that in the case of the Commonwealth vs. Pope, which was pronounced sufficient. (3 Dana, 418.)
3. The appellant asked a witness to “ state the rule of the code duello, in relation to sending and accepting challenges,” an objection to which was sustained by the court, and it is contended that this was erroneous.
We have no judicial knowledge concerning said code. But we must presume that it is a collection of written rules of some kind — such being the import of the word code. Whether or not those rules, if properly proved, would have been admissible, we cannot decide, because the record does not show what they are. If admissible,, the code itself should have been produced. The witness’ statements as to its rules were properly excluded.
4. The Commonwealth, notwithstanding objections by the appellant, was allowed to prove printed copies of the correspondence between Moody and Heffren, and their alleged seconds. It is contended that this was erroneous — 1st. Because it was not proved that the alleged seconds were such. 2. Because th'e original letters should have been produced.
(1.) The witness, Thomas L. Jones, testified that he saw the parties upon the field, prepared for combat. G. P. Buell and J. C. Walker were there professing to be, and acting as, their seconds. The witness and Terrill offered their mediation to Walker and Buell, which was accepted, and resulted in an adjustment of the difficulty. In our opinion those facts furnished a sufficient foundation for admitting the letters of Buell and Walker.
(2.) It appeared that the letters, when last seen, were in the possession of Major Terrill, who was copying them for publication ; that he was a resident of Newport, where the cause was tried, and had been there during that term of the court, but at the time of the trial “ was absent in the army of the United States in Kentucky.” The trial took place in February, 1862. In view of the civil war then existing, and in which the United States forces were engaged, our opinion is that the Commonwealth was not bound to make any effort to compel *5 Major Terrill to produce the original letters, even if, under ordinary circumstances, that would have been necessary — a point upon which we need not express an opinion.
The judgment is affirmed.