### CHARLES D. BICKFORD *vs.* NATHAN D. RICH.

A debtor is not chargeable with interest on the debt, by a delay in its payment caused by his being summoned as trustee of the creditor in a trustee process.

CONTRACT on an account annexed for $25; submitted to the judgment of the court, and argued in writing, on agreed facts of which the following is the material part.

This suit was brought while a trustee process was pending against Bickford, in which Rich was summoned as his trustee. In that action judgment was rendered against Bickford, and Rich as his trustee; and as such trustee Rich paid $25 on the execution. "The plaintiff's declaration is admitted to be true. Any interest that may be due is due as damages resulting from nonpayment or the delay in payment."

*W. Gaston,* for the plaintiff.

*G. H. Rich,* for the defendant.

MORTON, J. The defendant, having been adjudged trustee of the plaintiff, and having paid upon the judgment against him twenty-five dollars, is by the express provisions of the statute discharged from all demand by the plaintiff to the amount of such payment. Gen. Sts. *c.* 142, § 37. The plaintiff is not entitled to any judgment, unless he shows that some amount is due him for interest upon the bill against the defendant, which has accrued since this suit was commenced. It does not appear that the bill due by the defendant bore interest by reason of any contract or promise to pay interest. On the contrary, the agreed statement finds that "any interest that may be due is due as damages resulting from nonpayment, or the delay in payment." This being so, the case of *Oriental Bank* v. *Tremont Insurance Co.* 4 Met. 1, is decisive against the plaintiff's claim of interest. The defendant has not promised to pay interest; he was prevented by the law from paying the principal; and he is in no fault for not paying it, and ought not to be charged with interest as damages for nonpayment. *Judgment for the defendant.*