## J. Frank Huntress & another *vs.* James A. Burbank & others.

A declaration in an action begun October 19, 1868, against the four obligors of a bond conditioned that two of the four should pay the amount which the plaintiff might recover in an action against the two within thirty days after final 'judgment therein, alleged that the plaintiffs recovered judgment in said action on July 25, 1868; that the judgment was in full force and wholly unsatisfied; and that the defendants owed the plaintiffs the amount thereof. The answer was a general denial. At the trial the defendants contended that the declaration contained no allegation that final judgment had been recovered, or that there had been any breach of the bond, or that the defendants owed the amount of the penalty of the bond. *Held,* that these objections could be taken only by demurrer.

In an action on a bond conditioned that a judgment should be satisfied, the production of an execution on the judgment unserved and apparently unsatisfied, and the failure of the defendant to produce any evidence of satisfaction, will warrant a finding that the judgment is not satisfied.

In an action on a bond in which the *ad damnum* was less than the penalty of the bond, execution and breach were proved, and the judge ordered judgment for the amount of the *ad damnum. Held,* that the defendant had no ground of exception.

In an action on a bond given to dissolve an attachment, the defendant is not chargeable with interest during the pendency of a suit, begun after the action was brought on the bond, in which he was summoned and charged as trustee of the plaintiff.

Contract by J. Frank Huntress and Robert C. Huntress against James A. Burbank, A. F. Wood, James W. Baldwin and Daniel Heald. Writ dated October 19, 1868. *Ad damnum,* $1600. The declaration was as follows: " And the plaintiffs say that the defendants executed to them a bond, a copy of which is hereto annexed; that the writ mentioned in said bond was duly entered in said Superior Court for the county of Suffolk; that at the last July term of said court, to wit, on the twenty-fifth day of said July, they recovered judgment in said action against said Burbank and Wood for the sum of one thousand eighty-three dollars and twenty cents damages, and eighty-three dollars and thirty-one cents costs, upon which judgment execution was issued on the thirtieth day of September last; and that the said judgment is in full force and wholly unsatisfied; and the defendants owe the plaintiffs the amount thereof with interest thereon."

The bond, a copy of which was annexed, was in the penal sum of $2500; was entered into by Burbank and Wood as principals,

and Baldwin and Heald as sureties, for the purpose of dissolving an attachment of the goods of Burbank and Wood, which had been made in an action against them by the plaintiffs, by virtue of a writ returnable at July term 1868 of the Superior Court for this county; and was conditioned that Burbank and Wood should pay to the plaintiffs the amount, if any, which the plaintiffs should recover in said action, within thirty days after the final judgment therein. The answer denied all the allegations of the declaration, and alleged a payment in an action in which the defendants had been summoned as trustees of the plaintiffs.

At the trial in the Superior Court, before *Rockwell*, J., without a jury, after the declaration was read, the defendants asked the judge to rule " that the allegations in the declaration, if proved, would not enable the plaintiffs to recover upon the bond because the declaration did not contain those necessary substantive averments required to sustain an action for breach of the bond; " but the judge declined so to rule.

The plaintiffs, to prove that the judgment referred to in the declaration was unsatisfied, offered in evidence an execution dated September 30, 1868, issued upon a judgment recovered in the Superior Court for this county at July term 1868, to wit, on the 25th day of said July, against the defendants Burbank and Wood for $1083.20 damages, and $83.31 costs, with a certificate of the plaintiffs' counsel on the back that the execution had not been in the hands of an officer, and was in no part satisfied. The defendants objected to its admission, but the judge admitted it. The defendants admitted the execution of the bond, of which a copy was annexed to the declaration, without its production, but objected to its admission under the declaration; but the judge overruled the objection. They also admitted the rendition of judgment as described in the execution. The judge ruled that upon this evidence the plaintiffs were entitled to recover.

The judge ruled, against the objection of the defendants, that judgment could be entered on the bond for an amount equal to the *ad damnum* of the writ.

It appeared that the defendants on July 13, 1871, paid $1094.43 on an execution issued upon a judgment rendered July 10, 1871,

Huntress *v.* Burbank.

in favor of W. E. Littlefield against the plaintiffs, in an action wherein the defendants were summoned as trustees, on April 12, 1869, and wherein the damages claimed were $2400. On the question of the amount for which execution should issue, the plaintiffs contended that they were entitled to recover against the defendants interest during the pendency of the trustee process from April 12, 1869, to July 13, 1871, and requested the judge so to rule. But the judge declined so to rule, and ruled that the plaintiffs should be allowed no interest during the period aforesaid, being the pendency of the trustee process. There was no evidence of any demand upon these defendants.

The judge reported the case to this court upon the above questions of law. If there was no error in the above rulings and refusals to rule, judgment to be entered for $1600; and if the plaintiffs were not entitled to interest during the pendency of the trustee process, execution to be awarded for the sum of $114.62; but if interest was to be allowed during that period, execution to be awarded for the sum of $286.98.

*J. S. Abbott,* for the plaintiffs. 1. The declaration contains all necessary averments; but if it does not, an amendment should be allowed.

2. The execution was rightly admitted.

3. The plaintiffs consenting to take judgment for less than the penalty of the bond, the entering of judgment for the amount of the *ad damnum* was unobjectionable.

4. The plaintiffs on July 25, 1868, recovered judgment for $1083.20 damages and $83.21 costs. The defendants should have paid these sums with interest on August 24, 1868. They were sued on October 19, 1868, and were not summoned as trustees until April 12, 1869. They had no defence to the action, but they employed counsel to obtain delay, both before and after the pendency of the trustee process; it is apparent that this is one of the exceptional cases where there should be no abatement of interest. *Norris* v. *Hall,* 18 Maine, 332, 336. *Adams* v. *Cordis,* 8 Pick. 260, 268.

*I. Knowles, Jr.,* for the defendants. 1. The declaration did not contain the necessary averments. There was no allegation

of any recovery of a final judgment, or of any breach of the bond. The concluding allegation should have been, not that the defendants owed the amount of the judgment, but that they owed the penalty of the bond.

2. The fact that a judgment is unsatisfied can be shown by better evidence than the certificate of counsel upon the back of an unreturned execution.

3. Interest was rightly disallowed during the pendency of the trustee process.

MORTON, J. 1. The defendants' objections to the declaration relate merely to the form of stating the cause of action and could be taken by demurrer only. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Shawmut Ins. Co.* v. *Stevens*, 9 Allen, 332. *Upham* v. *Damon*, 12 Allen, 98. It is not necessary to consider whether the declaration would be held sufficient on demurrer.

2. The defendants admitted the execution of the bond sued on, and the rendition of the judgment, as alleged in the declaration. The execution issued upon such judgment was properly admitted in evidence to show that it was unsatisfied. The proper and usual mode of showing whether a judgment is satisfied, is the return of the officer on the execution. If the plaintiffs had failed to produce the execution, it would have raised against them a presumption that the judgment was satisfied. The production of it unserved and apparently unsatisfied, had some tendency to show that the judgment had not been paid. Its weight was to be determined by the judge to whom the facts were submitted, trial by jury having been waived. It does not appear that any ruling was asked or made as to the effect of the certificate of the plaintiffs' counsel indorsed upon it. If it be admitted that the burden was upon the plaintiffs to show that the judgment was unsatisfied, in order to make out a *prima facie* case, it was competent for the judge to find this fact from the production of the execution apparently unsatisfied, together with such inferences as might be drawn from the failure of the defendants to offer any evidence of payment.

3. The defendants do not insist upon the objection that judgment was entered for a sum less than the penalty of the bond, and it is clear that this informality could not prejudice them.

4. The only remaining question is whether the plaintiffs are entitled to recover interest during the pendency of the suit in which the defendants were summoned as their trustees. In this case interest is not due by the terms of the contract, so as to constitute a part of the debt. Whatever interest the plaintiffs can recover is by way of damages for unjustly detaining the debt. No evidence was offered of any fraud or collusion on the part of the defendants or of any unreasonable delay in answering as trustees; and nothing appears in the case to take it out of the general rule, that a debtor is not chargeable with interest as damages for delay in the payment of a debt, when such delay is caused by his being summoned as the trustee of the creditor. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1. *Bickford* v. *Rich*, 105 Mass. 340.

The result is that, according to the terms of the report, judgment is to be entered for $1600, and execution to be issued for $114.62. *Judgment and execution accordingly.*