GREENFIELD (BELL v.). See Case No. 1,-251.

GREENING v. The GREY EAGLE. See Cases Nos. 5,734 and 5,735.

## Case No. 5,776.

GREENISH v. STANDARD SUGAR REFINERY.

[2 Lowell, 553.] [1]

District Court, D. Massachusetts. March, 1877.

GARNISHMENT—DISSOLUTION OF ATTACHMENT—PAYMENT OF INTEREST.

Where the respondents owed freight to the libellants, and were summoned as their garnishees in the state court, and, after some time, gave bond to the plaintiffs in the action in which they were summoned as garnishees, and thus dissolved the attachment, and afterwards the case in this court for the recovery of the freight was decided,—held, that the respondents, not having tendered the freight, were bound to pay interest on the amount found due, at the market rate of three per cent. while the money was under attachment, and at the statute rate of six per cent. after the attachment was dissolved.

[Cited in Albion Lead Works v. Citizens' Ins. Co., 3 Fed. 197.]

LOWELL, District Judge. A somewhat nice question is raised in this case: whether the defendants should be decreed to pay interest on the freight found due from them. They were summoned in the superior court of the state as trustees or garnishees of the owners, before the cargo was fully delivered

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

in May, 1876, and that attachment was discharged by bond with sureties in October, 1876, of which fact they were notified. It seems to be clear, that, from the time the attachment was discharged, they could be excused from the payment of interest only by a tender of the amount which they admitted to be due, and which I have found to be the true amount.

The question is, whether, for the time that the funds were under arrest, they are chargeable. Upon this point there is great diversity of practice. In some states it is held that a garnishee is excused from paying interest, unless it is proved that he has made it; in others, that he is liable for it, unless he proves that he did not make it; and, in still others, he must pay the money into court, if he would be relieved of this charge. In Massachusetts, the rule appears to be, that, if the garnishee owes a debt which by its terms bears interest, he will be bound to pay it, as an incident to the principal, though his power of paying was suspended by the misfortune of an attachment. Adams v. Cordis, 8 Pick. 260. And, on the other hand, that he will not be bound to pay it while an attachment was pending, if it is no part of the contract, but is merely assessable as damages for non-payment. Oriental Bank v. Tremont Ins. Co., 4 Metc. [Mass.] 1; Rennell v. Kimball, 5 Allen, 356. The distinction is rather nice, unless by contract is meant an express contract, because in debts due ex contractu it is difficult to draw the line between an implied promise to pay interest, after demand, or after the debt is due, and a liability to pay the same interest, ex debito justiciae, as damages. Rent, for example, is held in many of the states, and, I suppose, in Massachusetts, to bear interest without a demand, and I suppose freight does; but whether as damages or as impliedly contracted for, I confess I do not know; but an express contract may perhaps be held to overrule all considerations of a general character.

In some cases stress is laid upon the money not having been paid into court or set apart. I know of no right that a garnishee has to set money apart, or invest it, with or without interest. He is simply a debtor; and if his debt bears interest, for any reason, or in any mode of assessment, I hardly see why the interest should stop until the principal is paid. Interest is not assessed as a penalty for default, so much as being, on the whole the fairest mode of making the plaintiff good; and it is often assessable when the defendant has been unable to pay or tender the amount due, through some misadventure or other beyond his control.

However, I do not think the admiralty is bound to any hard and fast rule on the subject, unless where some statute or positive contract regulates the matter. The defendants had the use of the money, and money was worth, it seems, three per cent. a year on

call, while they had it; and they are traders. I think the true settlement for this case is to allow interest at the rate of three per cent. for the time the attachment was pending; and I consider six per cent. to be due, as matter of law, after that obstruction was removed. Decree accordingly.