JOHN S. ABBOTT *vs.* ANSON G. STINCHFIELD, and JOSEPH BAKER, Trustee.

Kennebec.   Opinion May 28, 1880.

*Trustee process.   Interest.*

Where an attorney collected money on a judgment belonging in part to S. and set apart from the net proceeds a sum not greater than S.'s part of the judgment and equal in amount to the bill of A. for services as the counsel for S. in that case, and retained the same that it might be appropriated to the payment of A; *Held*, that he is chargeable as trustee of S. for the sum so set apart and retained, on a suit brought by A. against S. and served upon him as trustee.

A trustee is chargeable with interest whenever he receives interest, or when he has expressly promised to pay interest but not when it is recoverable simply as damages.

ON REPORT.

This was an action of assumpsit brought on an account annexed to the declaration for $1821.65.   The writ was dated August 1, 1878.   The issues presented to the law court are founded upon the disclosure and allegations, and the material facts appear in the opinion.

*John S Abbott*, the plaintiff, *pro se.*

*Joseph Baker*, the alleged trustee, submitted without brief.

WALTON, J.   The only question is whether the trustee is chargeable.   We think he is.   The money in his hands was collected by him on a judgment belonging, one third to A. G. Stinchfield (the principal defendant in this suit), one third to the executors of Matilda K. Page, and one third to A. H. Howard. The judgment was for $14,723.50, and costs of suit.   The

amount collected by the trustee was $9,576.18, leaving $5,146.32 still due upon the judgment. Of the amount collected, he appropriated $900 to the payment of his own fees for services as counsel in the case, retained in his hands $1600, the amount of the plaintiff's bill for services as counsel in the case, and paid the balance, $7,056.18, to Mr. Howard. From the sum received by him Mr. Howard retained what he claimed to be his third of the judgment, and paid the balance, $1673, to the executors of Mrs. Page. The question is, whether the $1600 remaining in the hands of the trustee, can be regarded as the money of Stinchfield, so as to make it trusteeable as his property. We think it must. It is claimed by him as his property, and the case fails to show that it is claimed by any one else. It is the precise amount due from Stinchfield to the plaintiff; and the evidence satisfies us that this sum was set apart by the trustee (one of the attorneys in the suit in which the judgment was recovered) and retained by him, not only as the money of Stinchfield, but for the express purpose of enabling him to pay the plaintiff's bill, voluntarily, if he chose so to do; or to enable the plaintiff to enforce payment by trustee process, if Stinchfield did not choose to pay voluntarily; and we think it was competent for the attorney to make such an appropriation.

Another question is, whether the trustee is chargeable with interest. We think he is. A trustee is chargeable with interest whenever he receives interest, or when he has expressly promised to pay interest, but not when it is recoverable simply as damages. *Adams* v. *Cordis*, 8 Pick. 260; *Rennell* v. *Kimball*, 5 Allen, 356. The trustee discloses that he has deposited the money in a savings bank, and that it is drawing interest at the rate of five per cent. For this interest he is chargeable.

> *Trustee charged for $1600,*
> *and such interest thereon as he*
> *receives.*

APPLETON, C. J., BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.