ALBION LEAD WORKS *v.* CITIZENS' INSURANCE COMPANY.

SAME *v.* LANCASHIRE INSURANCE COMPANY.

SAME *v.* HUMBOLDT INSURANCE COMPANY.

SAME *v.* HOME INSURANCE COMPANY.

SAME *v.* STANDARD INSURANCE COMPANY.

SAME *v.* UNION MARINE INSURANCE COMPANY.

*(Circuit Court, D. Massachusetts.   July 24, 1880.)*

**1.** INTEREST—DAMAGES—TRUSTEE PROCESS.—In Massachusetts the intervention of a trustee process will not relieve the defendants from the assessment of interest as damages, where judgment was entered on the debt, after a defence on the merits, during the continuance of the attachment, and no application had been made to continue the action for judgment until the trustee process was disposed of.

LOWELL, C. J.   In these cases the defendants agreed to abide the result of the action against the Williamsburg City Fire Insurance Company, in which judgment has now been entered upon the verdict for the plaintiffs.   The only question remaining open is whether interest is to be computed upon the amount due in each case, after the expiration of 60 days from the notice and proof of loss.   It seems that after these actions were brought the defendants were severally summoned as trustees of the plaintiff corporation in one or more actions in the state courts.   Those actions have been disposed of in some way and are not now pending, and there are no existing attachments upon the debts due from the defendants.

I had occasion to notice in *Greenish* v. *Standard Sugar Refinery*, 2 Lowell, 553, that in Massachusetts, if interest is not due upon a debt by the terms of the contract creating it, but is assessed as damages, the courts do not assess it during the time that payment has been delayed by a trustee process. The theory is that the defendant is not in default during that period, for that it may well be presumed that he would have

paid the debt if he had not been forbidden. *Adams* v. *Cordis,* 8 Pick. 260; *Oriental Bank* v. *Tremont Ins. Co.,* 4 Met. 1; *Rennell* v. *Kimball,* 5 Allen, 356; *Bickford* v. *Rich,* 105 Mass. 340; *Huntress* v. *Burbank,* 111 Mass. 213.

In the case last cited, *Morton, J.,* says: "A debtor is not chargeable with interest as damages for delay in the payment of a debt, when such delay is caused by his being summoned as the trustee of the debtor." These words give the reason of the decision; and that reason fails in this case. Here the trustee processes were served upon the defendants after the actions against them were pending, and could not have been pleaded to these actions, nor have delayed payment. *Wallace* v. *McConnell,* 13 Pet. 136; *Whipple* v. *Robbins,* 97 Mass. 107. Our Massachusetts statute provides that in such case the pending action shall proceed to verdict or award, but that the court may, for good cause shown, continue the action for judgment until the trustee process is disposed of. Gen. St. *c.* 142, §§ 18, 19. No application was made to the court here for any such action, and when the appropriate time has come, which is this time immediately before judgment, the trustee process has been disposed of, and no such application is possible.

The defendants were not delayed by the foreign attachment, but were defending the case upon its merits during the whole period of the rise and decay of the trustee processes. They are not, therefore, within those cases which excuse debtors from paying interest when they may be assumed to have been prevented by superior power from satisfying the demand of the plaintiff.

Damages to be assessed, with interest, as usual.