### SMYTH CLARK *vs.* EDWIN F. CHILD.

Suffolk. November 16, 1883. — January 14, 1884.

Under the U. S. St. of March 3, 1875, § 3, providing that a petition for the removal of a cause from a state court into a circuit court of the United States must be filed " before or at the term at which said cause could be first tried, and before the trial thereof," such a petition filed before trial, at a term of the Superior Court subsequent to that at which the case was entered and at issue, is too late.

If, by the law of a State where a judgment is obtained, an appeal does not stay proceedings on the judgment in that State, the pendency of such an appeal is no bar to an action on the judgment in this Commonwealth.

In an action upon a foreign judgment, the plaintiff is entitled to recover interest upon the judgment, both for damages and costs, from the date of that judgment to the date of the judgment in this action, computed at the ordinary legal

rate of interest in this Commonwealth, although a different rate of interest, being that of the State in which the judgment sued on was obtained, is embodied in the record of that judgment.

CONTRACT, on a judgment obtained July 13, 1881, in the Superior Court for the city and county of San Francisco, in the State of California. Writ dated March 4, 1882. Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows :

The plaintiff was and still is a resident and citizen of California, and the defendant a resident and citizen of Massachusetts. The writ was entered at April term, 1882, of the Superior Court. The defendant filed his answer at the same term, namely, on May 2, 1882, and claimed a jury trial within the time required by law. The case was first placed on the trial list at October term, 1882, and during that term, namely, on November 6, 1882, and before the case was reached for trial, the defendant filed a petition for the removal of the case into the Circuit Court of the United States for this District, with a bond approved by the court, with sufficient surety, in the form required by the U. S. St. of March 3, 1875. The plaintiff objected to the petition and bond because they were not made and filed as required by § 3 of that act, " before or at the term at which said cause could be first tried." It appeared that it had been the constant and uniform practice of the Superior Court for about twenty years, but not covered by any of the rules, to summon no jurors and try no cases at the July term in Suffolk county. It has not, as a matter of fact, been the practice of the Superior Court, sitting in Suffolk county, to try the cases upon their merits at the term at which they are entered, except actions advanced under statute for speedy trial.* No affidavit for advancement to speedy trial was filed in this cause. The rules of the Superior Court require that an answer be filed within thirty days from the return day; that lists of actions intended to be put upon the trial list, in Suffolk county, shall be handed to the clerk at least ten days before the first day of the term, and the trial list shall be made up therefrom; that actions may afterwards be put upon the trial list, on motion and notice, for cause shown ; and that no case shall be put upon the trial list by the

---

* See Pub. Sts. *c.* 167, § 48.

clerk in which the pleadings are not completed, so as to show an issue of fact to be tried.

The judge ruled that the petition and bond were not seasonably filed, so as to enable the defendant to have the case removed into the Circuit Court of the United States.

The judgment sued on contained the provision that the plaintiff recover the sum of $19,994.85, with interest thereon at the rate of seven per cent per annum from the date hereof till paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $259.50. From this judgment the defendant appealed to the Supreme Court of California, in which court said appeal is now pending; but no appeal bond or other written undertaking was entered into, as provided by the law of California, approved March 24, 1874, and put in evidence at the trial. The defendant contended that the plaintiff was not entitled to judgment pending said appeal; and that, if he were, he was only entitled to recover interest at the rate of six per cent to the date of the writ. The judge ruled that the plaintiff was entitled to a verdict for said debt, with interest thereon from the date of the judgment to the date of verdict in this court, at the rate of seven per cent per annum, as specified in said judgment, and for said costs, with interest thereon during said period at the rate of six per cent per annum; and instructed the jury to return a verdict for that amount; which they did, in the total sum of $22,361.42.

If the plaintiff was entitled to judgment, the amount allowed as interest was to be reduced, if the court should be of opinion that interest should have been allowed at a lower rate, or at the same rate only to the date of the writ. If there was no error, the verdict was to stand; if the removal should have been allowed, the verdict to be set aside, and an order for removal made.

*E. B. Powers*, (*S. L. Powers* with him,) for the defendant.

*F. Goodwin*, for the plaintiff.

MORTON, C. J.   The U. S. St. of March 3, 1875, § 3, provides that, in order to remove a suit from a state court into a circuit court of the United States, the party seeking such removal " may make and file a petition in such suit in such state court before or at the term at which said cause could be first tried, and before the trial thereof."

In *New York Warehouse & Security Co.* v. *Loomis*, 122 Mass. 431, which was in its facts much like the case at bar, Chief Justice Gray said that "the manifest purpose and effect of this enactment are that a party, who intends to remove a case from a state court into a federal court for trial, shall do so, not only before trial in the state court, but at the first term at which a case is at issue for trial and might be ordered to be tried there." In the absence of any adjudication of the Supreme Court of the United States opposed to it, this interpretation is decisive of the case at bar. The suit was entered in the Superior Court at April term, 1882; the defendant filed his answer at that term; the action was then at issue; and the court had the power to order it to be advanced for trial at that term, under the Pub. Sts. *c.* 167, § 48, and independently of the statute. In other words, the cause was ready for trial, and could be tried, at the April term.

A majority of the court is therefore of opinion that the Superior Court rightly ruled that the defendant's petition to remove the suit, filed at a later term and before trial, was not in season. *Gurnee* v. *Brunswick*, 1 Hughes, 270, 277. We must therefore consider the other questions presented by the report.

The suit is brought upon a judgment of the Superior Court for the city and county of San Francisco in the State of California. The judgment is, that the plaintiff recover the sum of $19,994.85, with interest thereon at the rate of seven per cent per annum from the date thereof till paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $259.50. It appeared at the trial, that the defendant appealed from this judgment to the Supreme Court of California, and that said appeal is now pending. It also appeared that the defendant had not filed any written undertaking, with sureties, as required by the statute of California, approved March 24, 1874, which provides that, "if the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order, unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment or order; that if the judgment or order appealed from, or any part thereof, be affirmed, or

the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the judgment or order is affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal." The purpose and effect of this statute are, that an appeal does not vacate the judgment or stay execution. The judgment against the defendant remains in full force in California, and the plaintiff is entitled to maintain an action upon it in this State. This question is directly decided in *Faber* v. *Hovey*, 117 Mass. 107.

The remaining question is as to the rate of interest which the plaintiff is entitled to recover. In suits upon judgments, interest is recoverable, not as a sum due by contract of the parties, but as damages, and follows the rule in force in the jurisdiction where the suit is brought. It has therefore been held, that, in such suits upon judgments of sister States, the plaintiff recovers interest according to our laws, and not according to the laws of the State in which the judgment is rendered. *Barringer* v. *King*, 5 Gray, 9. *Hopkins* v. *Shepard*, 129 Mass. 600. If, by the general laws of California, it was provided that, upon all judgments of its courts, interest should run at the rate of seven per cent, this provision would not operate in another State in a suit upon a judgment. The fact that the provision is embodied in the record of the judgment cannot give it greater force. It is not an essential part of the judgment, which other States are bound to respect and enforce, but affects the remedy upon it, which is governed by the *lex fori*. One State cannot thus control the remedy and determine the rule of damages which shall govern sister States in which a remedy is sought upon such judgment.

We are therefore of opinion, that in this case the plaintiff is entitled to recover interest upon the judgment, both for damages and costs, according to the laws of this State, at the rate of six per cent. There can be no doubt that he is entitled to interest up to the time of making up the judgment in this case. Pub. Sts. *c.* 171, § 8.          *Judgment for the plaintiff accordingly.*