*J. M. Day & T. C. Day*, for the defendant.
*H. Kingman*, for the plaintiff.

---

JOSEPH B. MARVEL *vs.* EDWARD H. BABBITT & trustee.

Bristol.   Oct. 27, 1886. — Jan. 6, 1887.   DEVENS & W. ALLEN, JJ., absent.

B., as administrator, acting under a license of the Probate Court, sold real estate of his intestate, and the proceeds were paid to his counsel. An action was then brought against B. on a private debt, and his counsel was summoned as trustee. Subsequently B. was discharged from his office, and an administrator *de bonis non* was appointed, who appeared as claimant of the fund. *Held*, that the trustee was entitled to be discharged; and that the administrator *de bonis non* was entitled to have the proceeds awarded to him.

HOLMES, J. This is an action against Edward H. Babbitt personally, in which the plaintiff seeks to hold by trustee process the proceeds of a sale of real estate, made by Babbitt as administrator, under a license of the Probate Court, which are now in the hands of his counsel. Babbitt has been removed from the office of administrator since this action was begun, and the fund is claimed by the administrator *de bonis non*. The court below ordered the trustee discharged, and awarded the fund to the claimant. We are of opinion that this was the proper course. Courts of common law, as well as of equity, have long recognized that assets of an estate, including money so long as the fund can be identified, in the hands of an executor or administrator, are held by him *in autre droit* and quasi in trust. Pub. Sts. *c.* 156, § 32.   *Weeks* v. *Gibbs*, 9 Mass. 74.   *Dawes* v. *Boylston*, 9 Mass. 337, 352.   *Stevens* v. *Goodell*, 3 Met. 34. *Farr* v. *Newman*, 4 T. R. 621, 648.   *M'Leod* v. *Drummond*, 17

Ves. 152, 168. *Wilson* v. *Moore*, 1 Myl. & K. 126, 337. *Kinderley* v. *Jervis*, 22 Beav. 1, 23; 3 Burr. 1369, note. It follows that, when an administrator is removed, the administrator *de bonis non* is entitled to receive the assets *in specie. Stevens* v. *Goodell, ubi supra.* Pub. Sts. *c.* 156, §§ 14, 15. See *Collins* v. *Collins*, 140 Mass. 502, 505. And the proceeds of real estate sold are to be considered as assets. Pub. Sts. *c.* 134, § 1.

In this case, the fund is identified. For, even if Babbitt's counsel had made himself a simple debtor to Babbitt, the administrator, by depositing the proceeds in his own private bank account, according to the prevalent loose practice, (see *Vail* v. *Durant*, 7 Allen, 408,) still the proceeds were the consideration of the debt, and thus could be traced, and therefore, as between the administrator and the administrator *de bonis non*, belonged to the latter. It does not appear, however, that the alleged trustee had not kept the fund distinct.

The fallacy in the plaintiff's argument lies in the tacit assumption that an administrator becomes quasi a debtor to the estate for all moneys coming to his hands, and that therefore the specific moneys or proceeds of a sale belong to him, whereas, in modern times at least, his duty is to keep the funds distinct from his own; and, if he does so, he will not be absolutely and personally bound as a debtor, but will be discharged if the funds are lost without his fault. See Pub. Sts. *c.* 156, § 32.

It is true, that, where the person summoned as trustee was a debtor of the defendant at common law, the decisions went some length in charging him, before the intervention of a claimant was allowed; *Coburn* v. *Ansart*, 3 Mass. 319; and they have held him discharged by payment since that time where the claimant had notice and neglected to appear. *Randall* v. *Way*, 111 Mass. 506. See *Mortland* v. *Little*, 137 Mass. 339. But the cases cited show that the claimant may appear, if he sees fit, and assert his rights, whether they be equitable or legal. Pub. Sts. *c.* 183, § 35. See also *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 305.

*Exceptions overruled.*

*F. S. Hall*, for the plaintiff.

*L. E. White*, for the claimant, was not called upon.