PATRICK H. HUTCHINSON *vs.* LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

Suffolk.    November 12, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Fire Insurance — Arbitration — Limitation of Action — Waiver — Interest.*

A cause of action will not accrue to the assured, — upon a policy of fire insurance which provides that differences as to the amount of the loss shall, at the written request of either party, be submitted to arbitration, and that no action shall be maintainable therefor until an award has been made, — until after the making of an award or a waiver of arbitration; and such arbitration may be waived orally.

The limitation period in a policy of fire insurance for bringing an action against the insurer may be waived orally.

Interest will be allowed on the amount recovered on a policy of fire insurance from the date of the writ only, if the amount was not made payable at a fixed time after the loss, or upon the happening of a certain event, and was not liquidated or wrongfully withheld by the insurer, and no demand was made for its payment before the bringing of the action.

MORTON, J.    This is an action on a policy of fire insurance, issued by the defendant company to the plaintiff and others, on a house and furniture situated in the town of Chester in Vermont. The policy was payable in case of loss to the plaintiff, and contained among other provisions the following: " 9. . . . In case differences shall arise touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the

liability of the company under this policy. . . . 11. It is further-more hereby expressly provided and mutually agreed that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor un-less such suit or action shall be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against this company after the expiration of the afore-said twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

A fire occurred on December 16, 1881, causing injury to the property insured to the amount, as the plaintiff claimed, of one hundred and fifty dollars. The plaintiff soon after called at the company's office in Boston and orally gave notice of the loss to the deputy manager, who requested him to cause the damage to be estimated by a competent builder. The plaintiff did so, and about the 1st of May, 1882, handed to the deputy manager the affidavit of the builder, in which the damages to the house were estimated at one hundred dollars. At the same time the plain-tiff asked the deputy manager if the company required a formal proof of loss, and the reply was that it was not necessary, and that they would send a man up to estimate the loss. Thus far there was no conflict of testimony.

The plaintiff introduced additional testimony, which was all controverted by the defendant, tending to show that the deputy manager agreed to notify him when the adjuster went up to estimate the loss; that the plaintiff inquired during the summer why the company had not done as it agreed, and sent up a man to estimate the loss, and was told that they had done so, and the adjuster had represented to them that the loss was not more than ten or fifteen dollars at the outside; that on November 20, 1882, the plaintiff orally demanded an arbitration to fix the amount of the loss, and was told that there was no need of it, and that the adjuster would go up again and they would fix it up without ar-bitration; that he then called their attention to the limitation clause in the policy, and said he must bring suit as the limita-tion was about expiring, and that they said the matter was a

small one, and that, if he would let it rest, the adjuster would go up again at his convenience, and the company would not set up lapse of time as a defence ; and that the plaintiff assented to this. Certain objections to the admission of this testimony were taken by the defendant at the trial, but they were not pressed at the argument on the report, and therefore are not now to be considered.

The defendant asked the court to rule, as matter of law, that the cause of action did not accrue within six years, and to direct a verdict for the defendant. The court declined so to rule, and instructed the jury that no waiver of the general statute of limitations was valid unless in writing ; that the effect of the clauses 9 and 11 above quoted was that no cause of action accrued to the plaintiff until an award had been made as therein provided, or the same had been waived in some way by the defendant ; and that, if the jury believed that the plaintiff made the demand for arbitration on November 20, 1882, as testified to by him, and the defendant waived such arbitration, the cause of action first accrued on that date, and the action was not barred. The court also instructed the jury, that the limitation clause in the policy could be waived orally by the defendant, and that if the defendant on November 20, 1882, also agreed orally to waive it, then the action was seasonably brought and could be maintained. The plaintiff asked the court to rule, and instruct the jury, that he was entitled to interest from November 20, 1882. The court declined so to rule, and instructed the jury that, if the plaintiff recovered, he was entitled to interest only from the date of the writ. The plaintiff and the defendant both duly excepted. The jury returned a verdict for the plaintiff, computing interest, it is to be presumed, from the date of the writ ; and the question now is upon a report of the case as to the correctness of these rulings.

It is plain that the jury must have found that the defendant waived the provisions requiring an award, and also waived the provision as to the limitation of suit. It is equally plain that upon the evidence the jury were justified in so finding. It is also clear that the defendant could, as matter of law, orally waive both of these provisions, and also the stipulation that the request for arbitration should be in writing. The waiver of the latter would be included in the waiver of the arbitration and award.

In fact, the defendant does not contend that these provisions could not be orally waived; but contends that the cause of action accrued on May 1, 1882, when the builder's affidavit was presented, and the formal proof of loss was waived, and that an award was not in every case of difference as to loss or damage a condition precedent to a cause of action, but only when, in addition to a difference respecting the loss or damage, one of the parties had in writing requested an arbitration. The defendant insists, therefore, that the instruction that " no cause of action accrued until after an award had been made or the same had been waived," was erroneous.

We have not been furnished with any of the provisions of the policy relating to proofs of loss, or to the time when the loss was payable; but it is difficult to see how a cause of action accrued to the plaintiff simply upon his presentation of the builder's affidavit, or upon the waiver by the defendant of the formal proof of loss. The latter merely dispensed with a certain mode, presumably fixed by the policy, for imparting certain information to the defendant respecting the loss. The former was only a statement under oath by a third party, giving his opinion as to the amount of the damages. We cannot say, as matter of law, that either separately or together they of themselves gave to the plaintiff the right to commence an action, or constituted a demand.

The other point raised by the defendant does not seem to have been directly decided in this Commonwealth. No question is made that the conditions in regard to submitting the amount of the loss to arbitration, and not bringing suit till after an award, are such as may be properly incorporated in a policy. They relate to the manner of arriving at the amount of the loss, leaving the question of the liability of the company untouched, and to be settled by application to the courts, or in such other way as the parties may agree. Such conditions in a policy have been held to be valid. *Hood* v. *Hartshorn*, 100 Mass. 117. *Scott* v. *Avery*, 5 H. L. Cas. 811.

The defendant contends that the true construction of them in this case is, that the plaintiff had a right of action, in case of a difference as to the amount of the loss, unless before suit was brought one or both parties had in writing requested an arbi-

tration to ascertain the amount.  We think, however, the true construction is that the plaintiff was not to have a right of action until the amount of the loss had been ascertained by arbitration, or the arbitration had been waived, and that arbitration was to be had upon the written request of either party.  It was clearly the intention of the parties, that, in case of a difference as to the loss, the amount should be ascertained by arbitration.  The language is, " It is . . . expressly provided and mutually agreed that no suit or action . . . shall be sustainable . . . until after an award shall have been obtained fixing the amount of such claim in the manner above provided."  The words " in the manner above provided " plainly refer to the mode in which the parties are to proceed in all matters relating to the arbitration and award, which is fully described in clause 9.  The parties could undoubtedly waive the agreement as to arbitration and an award, as well as that relating to the formal proof of loss, which the facts show they had done ; and most, if not all, of the cases cited by the defendant may well have been decided on that ground.  Thus, in *Wright* v. *Susquehanna Ins. Co.* 110 Penn. St. 29, the court say, " It was the right of either party to demand arbitration ; it was the right of either party to waive it, and the defendant, having made no such demand, must be presumed to have waived it."  In *Nurney* v. *Fireman's Fund Ins. Co.* 63 Mich. 633, the court say, " Neither of them having availed themselves of the right to arbitrate, it must be deemed waived by both."  In the cases of *German-American Ins. Co.* v. *Steiger*, 109 Ill. 254, and *Phœnix Ins. Co.* v. *Badger*, 53 Wis. 283, also cited by the defendant, while there is no distinct reference in either opinion to the matter of waiver, it is evident that both cases may well have stood upon that ground.  We think, therefore, that the ruling of the court in this respect, and in relation to the waiver of the limitation clause and its effect, was correct.

We think that the ruling in relation to interest was also correct.  It is not easy to place upon a consistent basis many of the decisions in which interest has been allowed or disallowed.  But in this case it does not appear that the amount to which the plaintiff became entitled under the policy was payable at a fixed time after the loss occurred, or upon a certain event which had to take place, or that the amount has been wrongfully withheld

by the defendant, or that the sum due was liquidated, or that until the bringing of the action a demand had been made for its payment.  The talk between the plaintiff and the defendant's manager in regard to notice of loss and estimate of damage, waiving proof of loss, sending up adjuster, and waiving arbitration and the limitation clause, while consistent with a demand, do not of themselves constitute one.  The unexplained silence of the plaintiff for nearly six years after the 20th of November, 1882, is also at variance with the plaintiff's claim that a demand was then made.  *Dodge* v. *Perkins*, 9 Pick. 368.  *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1.  *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151.

The plaintiff asked the court to rule that the limitation clause in the policy was a waiver in writing, within the meaning of the statute of limitations.  The court declined to give this ruling. As in the view which we have taken of the case it has become immaterial, we have not considered it.

*Judgment on the verdict.*

*J. Bennett & P. H. Hutchinson,* for the plaintiff.
*W. C. Loring,* for the defendant.