ROSENSTEIN *et al. v.* TARR *et al.*

*(Circuit Court, D. Massachusetts.   July 20, 1892.)*

No. 3,467.

1. SUPERSEDEAS BOND—LIABILITY ON.
    A *supersedeas* bond, conditioned according to the statute for prosecuting an appeal with effect and answering all damages and costs, covers not merely compensation for the delay arising from the appeal, but also the amount of the decree appealed from, so far as the latter directs the payment of money by appellant to appellee.

2. SAME—INTEREST—MONEY DEPOSITED IN COURT.
    But in an action on the bond neither the principal nor sureties can be mulcted beyond what was adjudged as the result of the appeal; and where a sum deposited in court by a receiver was there retained pending an appeal, and no provision was made for interest thereon in the mandate or the decree entered in pursuance thereof, no such interest could be recovered in an action on the *supersedeas* bond.

3. SAME—LIABILITY OF SURETIES—EFFECT OF TRUSTEE PROCESS.
    A decree for the payment of money by defendant to complainant was affirmed on appeal, and the decree entered in pursuance of the mandate allowed interest from the date of the appeal.   Notice was at once given to the sureties on the *supersedeas* bond that plaintiff looked to them for payment of the decree.   Two days later the sureties were summoned as trustees in a suit against the plaintiff, but gave no attention to the same, and were defaulted therein.   *Held* that, as they were in actual personal default to plaintiff from the date of receiving the notice, they could not escape payment of interest to him because of the trustee process, especially as they did not set aside and cause to remain idle any fund to meet the decree or the judgment in the trustee action.

4. SAME—FEDERAL AND STATE COURTS.
    No restraint or embarrassment can lawfully be put on the enforcement of judgments or decrees of the federal courts, by means of trustee process issued by a state court; and, as execution could have issued against the principal debtor upon the decree entered in pursuance of the mandate, the enforcement of such decree against his sureties could not be prevented by the trustee suit, for while execution could not have gone against them, they were so intimately connected with him as to stand in the same position.

At Law.

This is an action of contract upon a bond.   The facts, as agreed upon, were, in substance, as follows:   A suit in equity had been brought by the plaintiffs in this suit against Joseph J. Burns and Robert Tarr, one of

the defendants, to wind up a partnership. A receiver had been appointed, and he had paid into the registry of the court a large sum of money, to await the disposal of the suit. On May 6, 1886, it was decreed that the amount in said registry be paid over to the plaintiffs, and it was further decreed that the said defendants pay to said plaintiffs $1,679.14, together with interest thereon from the date of said writ, and cost of this suit, amounting in all to $3,105.28. An appeal to the supreme court of the United States was taken by the said defendants, and a *supersedeas* bond was filed, in which Joseph J. Burns and Robert Tarr are principals and William C. Dolliver and John S. Dolliver are sureties, in the penal sum of $8,000, conditioned to answer all damages and costs if they fail to make their plea good. Joseph J. Burns died during the progress of the suit. Robert Tarr and the said sureties are the defendants in this suit upon the bond. The supreme court affirmed the decree of the circuit court in said case, and thereupon the mandate in said supreme court issued, commanding said circuit court that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding. A decree was accordingly entered June 28, 1890, by the circuit court, affirming its previous decree, with costs and expenses, as provided in said mandate. Execution upon and in accordance with said decree of June 28, 1890, was issued July 10, 1890, which execution is in no part satisfied. Notice was given the sureties on the aforesaid bond, and received by them July 2, 1890, of the decree of the said supreme court, and that the plaintiffs looked to them for payment of the amount of the decrees, including interest and costs from the date of the appeal. But the said sureties paid no attention to the notice.

On July 10, 1890, the aforesaid sureties were duly summoned as alleged trustees of the plaintiffs in this case in a writ brought against the plaintiffs in this case, returnable before the superior court in the county of Essex and commonwealth of Massachusetts, but the case was later removed to this court, where it is now pending, on the ground that these plaintiffs—the defendants in said action—were residents of another state. The aforesaid sureties did not appear and answer as alleged trustees, and were defaulted in the state court. The aforesaid sureties, William C. and John S. Dolliver, were and are copartners at Gloucester. Since July 11, 1890, they had had a balance in the bank to be drawn upon, varying from $2,894.71 to over $4,000, and had also had in their office safe about $500 constantly, and they had always been ready and able to pay the amount legally due from them on said bond. The aforesaid money was kept for the uses of their business, and especially for the payment of the amount due on said bond; and they had received no interest on the money in said bank and safe. However, as said alleged trustees, they had set apart no money to await the decision of the court in said trustee process, or to be applied to the payment of said bond, separate from the money used in their business. It was agreed that the condition of the bond had been broken, and that judg-

ment might be entered in favor of the plaintiffs against the defendants for the penal sum therein named.

The question here raised for the court is, for what shall the execution issue? Shall the execution issue for an amount including (1) the amount of the decree appealed from of May 6, 1886; (2) interest on the amount left in the registry of the court from the date of the decree appealed from; (3) interest on the further amount of the final decree of June 28, 1890, after the trustee process was served on the aforesaid sureties, July 10, 1890?

*W. F. & W. S. Slocum*, for complainants.

*E. J. Hadley* and *B. F. Butler*, for defendants.

PUTNAM, Circuit Judge. There is no doubt that a *supersedeas* bond, conditioned according to the statute for prosecuting an appeal with effect and answering all damages and costs, covers not merely compensation for the delay arising from the appeal, but also the amount of the decree appealed from, so far as the latter directs the payment of money by the appellant to the appellee. *Catlett* v. *Brodie*, 9 Wheat. 553; *Jerome* v. *McCarter*, 21 Wall. 17.

It appears that there has been no judgment nor decree, by either tribunal, directing payment of any interest, or other damages for delay, with reference to the amount in the registry of the court. It is elementary that, in a suit on a *supersedeas* bond, neither the principals nor the sureties can be mulcted beyond what the courts have adjudged as the result of the appeal to which the bond was incident. Whatever questions may be raised in some courts as to recovery in actions on injunction bonds of damages not assessed in the principal suit, none such are admitted here. If plaintiffs claim interest on the fund in the registry, they were holden to establish their claim in the original proceeding as a condition precedent to any demand for it here, though it is probable the circuit court had no authority in this suit to award such interest after the mandate was received. *Ex parte Washington & G. R. Co.*, 140 U. S. 91, 11 Sup. Ct. Rep. 673. But, on the other hand, the decree entered June 28, 1890, expressly provided that complainants should receive interest from that date on all sums which the original defendants were ordered to pay them. This was authorized by Rev. St. § 966.

The original respondents were in legal default from the instant the decree was entered; and their sureties, who are also defendants in the present suit, were in actual and personal default from the instant they received (July 2, 1890) the letter from complainants' attorneys demanding payment of the decree, and particularly so after the expiration (July 8th) of the 10 days within which the issue of an execution was forbidden. The trustee process set up by defendants was not served till July 10, 1890. There is nothing in the case showing that either surety set apart any fund with which to discharge his liability on the *supersedeas* bond or in the trustee suit, or had on deposit any amount beyond what was reasonable and usual for his current business needs, or that either has

not kept his whole capital active and fruitful, with such margins only as are common and convenient for such pursuits as these sureties are shown to have been in. There is no proof nor suggestion that the other defendants have had on hand any moneys for any purpose whatever. Under these circumstances, it is difficult to see what equity any of these respondents has for disallowance of interest to the loss of the complainants. They were all in actual personal default before the trustee process was served, and have been in such position that they profited by the delay to an amount presumably equal to the legal rate of interest.

Generally a debtor who has been trusteed does not pay interest, unless he is shown to have received interest or had expressly promised to pay it. *Abbott* v. *Stinchfield*, 71 Me. 213; *Huntress* v. *Burbank*, 111 Mass. 213; *Smith* v. *Flanders*, 129 Mass. 322; *Norris* v. *Insurance Co.*, 131 Mass. 294. Yet in *Huntress* v. *Burbank* the court stated that no demand for payment had been made on the sureties; and it has not been brought to my attention that, in any of the suits cited on this point, it appeared that the debtor was in actual personal default before the trustee process was commenced, as in the case at bar. Therefore, if necessary for me to rule on this point, I hold that, under the particular facts of this case, the defendants are not relieved by the trustee process from payment of interest. I so hold, although the proposition of plaintiffs that interest on the decree in this case arises as on contract, and is not merely moratory, or as damages, seems to be met by the supreme court of Massachusetts in *Clark* v. *Child*, 136 Mass. 344. On page 348 the court lays down broadly the proposition that, in suits on judgments of the courts of sister states, the plaintiff recovers interest according to the law of the forum, and not according to the law of the state in which the judgment was rendered. This could not be so if interest on a judgment was presumed to run as by contract. It is true that the original judgment in *Clark* v. *Child* was on a tort, and that the court might on that account have distinguished it from a judgment on a contract where interest was expressly promised. But the rule laid down by the Massachusetts court was broad enough to cover every judgment on every cause of action; and, moreover, in the case at bar it appears that the decree was the result of an adjustment of partnership affairs, as to which interest is a matter only of equity and arises from no express obligation. I do not find that the supreme court has ever ruled directly on this precise proposition, although in *Coghlan* v. *Railroad Co.*, 142 U. S. 101, 12 Sup. Ct. Rep. 150, it was held that interest on overdue coupons should be computed by the law of the place of payment, which for this purpose was the law of the contract, and not by the law of the forum. The same was ruled in *Cromwell* v. *County of Sac*, 96 U. S. 51, and *Pana* v. *Bowler*, 107 U. S. 529, 2 Sup. Ct. Rep. 704. In these cases, however, the suits were directly on the coupons, or for foreclosure, and none of them were on judgments rendered. Moreover, this proposition of the complainants is met, at least for Massachusetts, and therefore for decrees and judgments of the circuit court of the United States within this district, by *Huntress* v. *Burbank, supra;* which went expressly on

the ground that interest on a judgment does not arise from contract, or certainly is not interest of that particular kind which debtors who are trusteed are presumably holden to pay.

Except for *Huntress* v. *Burbank, supra,* it would seem clear that the trustee process could not have been maintained by reason of the fourth and fifth clauses of section 34, c. 183, Pub. St. Mass., which clauses, moreover, are declaratory of the common law, and of principles broader than the mere letter of the statute. The court, however, appears not to have considered them, and it seems to have been assumed by all parties that the trustees were chargeable.

I think I must base my decision in this case on a proposition of law which relieves me from further investigating any of the foregoing questions. The original decree was of a circuit court of the United States, and against the principals in the *supersedeas* bond. Since July 8, 1890, execution could properly issue against them, and it could not be lawfully delayed, embarrassed, or controlled by any attachment process from any other tribunal. It is true that execution could issue against only the principals, but, so far as the question involved here is concerned, it is impossible to disconnect the sureties from the other respondents. It would be absurd to rule that the sureties might be holden by a trustee process for the debt due by force of the decree, while by simultaneous proceedings the execution of the circuit court might be levied therefor on the goods of the principal defendants.

I think the safe and true ground is that no embarrassment or restraint of the character now in question can be put on the enforcement of judgments or decrees of this court; and in this proposition I seem not only sustained, but governed, by the supreme court in *Wallace* v. *McConnell,* 13 Pet. 136. As the trustee proceedings could not in any way embarrass the decree or execution of this court, no cognizance of them is to be taken by me at this stage, whatever discretion to grant delay might or might not have been exercised on a motion for that purpose, seasonably made and properly framed. If the defendants, or any of them, are subject to double litigation, the misfortune is not unlike that which happens to many; and they had their remedy, though at some expense and inconvenience. If they have lost it, which is not probable, especially as the suit has by removal been brought under the control of the common-law side of this court, this comes from their inattention to the trustee process, and does not arise from the principles which must control my judgment. Damages will be assessed on the principles of this opinion, without interest on any portion of the fund which was in the registry of the court, and with interest on the full amount of the decree entered June 28, 1890, and without any deductions on account of the trustee proceedings brought in the state court; and execution will issue accordingly.