CENTRAL TRUST COMPANY *vs.* NATIONAL BISCUIT COMPANY.

Middlesex.    October 7, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Trustee Process,* Adverse claimant, Interest. *Interest.*

When interest is not payable by the terms of a contract so as to make it a part of the debt, the debtor is not chargeable with interest as damages for delay in the payment of the debt when such delay is caused by his being summoned as trustee of the creditor, in the absence of fraud, collusion or an unreasonable delay in answering as trustee.

A contract providing for monthly payments for certain services, but not providing for the payment of interest by the debtor, was assigned by the creditor as security for a debt owed by him to the assignee. The debtor was notified of the assignment and made some monthly payments to the assignee. Thereafter, the debtor and the assignee were summoned as trustees in an action against the creditor. A certain sum then was due under the contract. The debtor filed an answer in the action setting forth the existence of the assignment and stating that he held that sum as trustee subject to order of court. The assignee did not appear in the action as a claimant. The action remained inactive for more than two years, whereupon the assignee and the debtor, upon motions by them, were discharged as trustees. The debtor then paid the assignee the sum which he had been holding. The assignee demanded interest on that sum for the period while it was so held by the debtor. The amount still due upon the assignee's claim against the creditor was larger than the amount of the interest. *Held*, that

(1) The facts above stated did not justify the conclusion that the debtor had made himself liable for interest by fraud, delay in answering in the action, or by any failure to act in good faith in performing any duty he owed the assignee;

(2) The failure of the debtor to summon in the assignee as a claimant in the action did not affect the debtor's right to be relieved from the payment of interest during the pendency of the trustee process;

(3) The assignee was not entitled to the interest demanded.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated March 8, 1927.

The action was heard in the District Court upon an agreed statement of facts and certain other evidence. Material facts and a ruling requested by the plaintiff and refused by the trial judge are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*J. A. Daly*, for the plaintiff.

*P. R. White*, for the defendant.

SANDERSON, J. This is an action of contract in which the plaintiff seeks to recover interest on funds held by the defendant during the pendency of a trustee process in which it had been summoned as a trustee. The answer of the defendant is a general denial and payment, and for further answer it alleged that being in doubt as to the validity of the assignment, it had filed an answer as trustee in the trustee process, setting up the existence

of an assignment, and held the funds as trustee subject to the order of the court, and was therefore not liable for interest during the pendency of the trustee process.

Prior to March, 1923, the defendant and one Charles M. Hall entered into an agreement whereby Hall was to do trucking for the defendant, and the defendant was to pay Hall the amount of his trucking bills according to the agreed price monthly. Such payments were to be made on the last day of each month for the amount incurred during that month. There were no provisions in the contract for the payment of interest by the defendant. In March, 1923, Hall assigned to the plaintiff, in writing, for valuable consideration all sums due and to become due him from the defendant, as security for an existing debt, for the payment of which certain other securities were also held. The plaintiff has not received the amount of its claim against Hall through these securities, or in any other way, and the balance remaining unpaid is larger than the amount claimed as damages in this action; notice of this assignment was given to the defendant by the plaintiff, and thereafter moneys coming due to Hall before May 26, 1923, were paid the plaintiff by virtue of the assignment.

On or about May 26, 1923, an action in contract was brought against Hall by the Federal Oil Company, and the defendant was summoned as a trustee. In this action the plaintiff was also named as trustee and appeared and answered. The *ad damnum* was $4,000. Service of the trustee process was made on the present defendant on May 28, 1923, and also on June 1, 1923. On May 28, 1923, the defendant was indebted to Hall under the contract in the sum of $1,621.71, and on June 1 the further sum of $133.63 became due. The defendant duly filed its answer as trustee setting forth the above amount, and also stating the facts alleged in its answer in the present action. The case of the Federal Oil Company against Hall remained inactive until the fall of 1925, when the Central Trust Company filed a motion to be discharged as trustee and requested the National Biscuit Company

to do likewise; such a motion was then filed by the latter company, and thereafter the Federal Oil Company agreed with the Central Trust Company to discharge both trustees, and the defendant herein was discharged as trustee on or about January 29, 1927.

On February 25, 1927, the defendant paid the plaintiff $1,761.34, being the principal due under the contract with Hall. This payment was made without prejudice to the claim of the plaintiff for interest on the sum paid. After the service of trustee process the plaintiff demanded of the defendant payment of the amount which had become due on the Hall contract. The trial judge declined to grant the plaintiff's request that it was entitled to recover interest from May 31, 1923, and granted the defendant's request that the plaintiff was not entitled to interest while the money was held by the defendant as trustee. The judge of the District Court found for the defendant and the case comes to this court by appeal of the plaintiff from an order of the Appellate Division dismissing the report.

The plaintiff contends that the obligation of the defendant bore interest from the date when payment under the Hall contract became due, notwithstanding the pendency of the trustee process.

G. L. c. 246, § 33, gives an adverse claimant to goods, effects and credits in the hands of a supposed trustee the right to be admitted a party to determine his title, with the further right to allege or state any facts which have not been stated or denied by the supposed trustee, and if he does not voluntarily appear, the court may issue an order of notice to him. *Boylen* v. *Young,* 6 Allen, 582. G. L. c. 246, § 34, makes provision for a case where it appears that a claimant holds a valid assignment only as security for a debt; it requires the court at the request of the plaintiff to ascertain and determine the amount due upon such debt at the time of the service of the writ upon the trustee, and gives the claimant judgment and execution for the amount so found to be due him. It is assumed from the agreed statement of facts that the plaintiff did not enter an appearance as claimant in the trustee

process, although it is not so stated.   See *Taylor* v. *Lynch,* 5 Gray, 49, 50; *Randall* v. *Way,* 111 Mass. 506, 508; *Marvel* v. *Babbitt,* 143 Mass. 226.

The agreement between the defendant and Hall made no provision for the payment of interest, and if interest is payable to him or his assignee because of a failure of the defendant to make payments when due under the contract, it would be by way of damages for failure to pay the money when due. *Foote* v. *Blanchard,* 6 Allen, 221. *Mattel* v. *Conant,* 156 Mass. 418, 425. *Davis* v. *Harrington,* 160 Mass. 278. *Donahue* v. *Partridge,* 160 Mass. 336, 339. When interest is not payable by the terms of the contract so as to make it a part of the debt, the debtor is not chargeable with interest as damages for delay in the payment of the debt when such delay is caused by his being summoned as trustee of the creditor, in the absence of fraud, collusion or an unreasonable delay in answering as trustee. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1, 10.  *Bickford* v. *Rich,* 105 Mass. 340. *Huntress* v. *Burbank,* 111 Mass. 213, 217.  *Smith* v. *Flanders,* 129 Mass. 322, 324.  *Walker* v. *Lancashire Ins. Co.* 188 Mass. 560, 565.  G. L. c. 246, § 20. The facts to which the parties agreed would not justify the conclusion that the defendant had made itself liable by fraud, delay in answering, or by any failure to act in good faith in performing any duty it owed the plaintiff.  In *Randall* v. *Way, supra,* at page 508, the court said: " The defendants, when summoned as trustees . . . were bound only to act in good faith towards the parties claiming an interest in the fund; and might fairly and properly leave it to them to protect their own rights."  See *Taylor* v. *Lynch, supra;* *Marvel* v. *Babbitt, supra.*  The plaintiff knew that the defendant had been summoned as trustee, and if it had cared to become a party claimant it could have so requested. The failure of the defendant to make such motion in no way affected its right to be relieved from the payment of interest during the pendency of the trustee process.

*Order dismissing report affirmed.*