## JUSTUS J. SMITH *vs.* FREEMAN FLANDERS.

Suffolk.   Nov. 17, 1879. — Sept. 9, 1880.   MORTON & SOULE, JJ., absent.

A contract for the erection of a building provided that the work should be done in all respects according to the plan and specifications which had been furnished by the architect.   One clause in the specifications required "all walls to be vaulted."   By the plan, the walls of the building appeared to be sixteen inches in width, without the appearance of any vault or space intended to be left in them.   *Held*, that, by the contract, the walls were to be only sixteen inches including the vault; and that parol evidence was inadmissible to explain the contract.

If A. contracts with B. to do certain work, and makes a sub-contract with C. for certain materials which B. by his contract with A. is required to furnish, and, after C. has begun to make the materials, the contract is abandoned by A., the liability of B. to C. for loss of materials and profits is a proper element of damage in an action by B. against A.

If a person summoned as trustee is indebted to the principal defendant upon a demand where interest would be recoverable by the latter only as damages for breach of contract, interest will not be deemed to accrue during the pendency of the trustee process.

COLT, J.   By contract with the city of Lawrence the defendant agreed to build an armory.   The plaintiff by sub-contract agreed with the defendant to do the stone, brick, iron and slate work, and furnish the materials therefor.   The city abandoned the contract before the work was commenced, and this action is brought to recover the damages sustained by the plaintiff by reason of such abandonment.

The defendant's agreement with the plaintiff was by a written contract, which provided that the work should be done in all respects according to the plan and specifications which had been furnished by the architects.   One of the clauses in the specifications required " all walls to be vaulted and to be bound across by turning headers," and another clause required the builder in every respect " to complete and finish all mason work in a good and workmanlike manner."   By the plan referred to, the brick walls of the building, which in the plan are shaded with red, appear to be sixteen inches in width without the appearance of any vault or space intended to be left in them.

The defendant asked the judge to rule that the contract, plan and specifications called for a wall containing sixteen inches of

masonry, exclusive of the vault. This was properly refused, because such a construction would require a wall of greater width than the contract by its reference to the plan required. There is nothing to control this reference, or to show that the wall was to be more than sixteen inches wide from the outside to the inside of the same. There is no conflict between the plan and specifications, and no room for uncertainty of construction on that point. The discrepancy, if any, is between the clause in the specifications, which distinctly and positively requires the walls to be vaulted, and the plan, which shows no marks' for spaces to be left. But as between the positive requirement of a written clause in the contract and a plan referred to, which, though perfect in other respects, shows an omission to indicate thereon this single matter of detail, there can be no doubt that the written clause must control the mere implication derived from the omission in the plan. This is in analogy to the rule by which, when there is discrepancy or repugnancy between the written and printed portions of a contract, the former will prevail over the latter, for the reason that there is more ground for supposing that the printed part has not been modified to conform to the written portion through inadvertence, than for supposing that the special written provisions, to which the attention of the parties was more closely given, were adopted without consideration and against the intention of the parties. *Robertson* v. *French*, 4 East, 130.

The defendant further contended that at least there was such ambiguity as to render parol evidence competent to explain the contract; and thereupon offered an architect and builder as a witness, to show that in his opinion the contract called for a wall of sixteen inches exclusive of the vault, or of eighteen inches including it, and that it would be impracticable and unsafe to build a sixteen-inch wall with a vault. But the court properly rejected this evidence, and ruled that, by the contract, the walls were to be only sixteen inches including the vault. For the reasons above given, there appears to be no ambiguity in the contract which is open to explanation by parol evidence. The construction of the contract was for the court; and, in our opinion, the construction given by the judge was right. The party for whom the work is done is to determine as to the character of

the work he requires, and, if done according to contract, he must take the risk of its being practicable and safe.

The plaintiff by his contract with Swett & Co. for iron work, which he was required to furnish by his contract with the defendant, and which the firm had begun to make when the contract of the city with the defendant was abandoned, had incurred a liability which was a proper element of damage .n this action. The case was tried without a jury, and it does not appear from the bill of exceptions that the judge allowed anything as damages which could not be properly claimed in this action. He certainly could not properly rule, as matter of law, that damage for loss of materials or profits sustained by Swett & Co. could not be recovered in this action. *Fox* v. *Harding,* 7 Cush. 516.

But the court erred in allowing interest by way of damages from the date of the writ in this action. After the action was commenced, the present defendant was summoned in several actions as trustee of the present plaintiff. For anything that appears, these trustee suits are still pending. It is well settled that, when one summoned as trustee is indebted to the principal defendant upon a demand where interest would be recoverable by the principal defendant only as damages for breach of contract, interest will not be deemed to accrue during the pendency of the trustee process. *Huntress* v. *Burbank,* 111 Mass. 213. *Rennell* v. *Kimball,* 5 Allen, 356. *Adams* v. *Cordis,* 8 Pick. 260.

The defendant's exceptions are sustained upon this ground only. But, as the amount of interest thus allowed is easily ascertained, if the plaintiff will remit that amount, the

*Exceptions may be overruled.*

*E. T. Burley,* for the defendant.
*A. A. Ranney,* for the plaintiff.