John Sullivan and Edward Shanley, Appellants, *v.* The President and Trustees of the Village of Sing Sing, Respondents.

Plaintiffs entered into a contract with defendants for the construction of a culvert arch bridge pursuant to proposals to which were attached certain specifications of the quantities of work to be done. At the foot of the specifications there was this note: "The above quantities are approximate only, but are considered sufficiently accurate for the purpose of basing a proposal. Contractors, however, will take such steps as they may deem necessary to verify the above quantities, as the Board of Trustees do not hold themselves absolutely bound by them." By the plans shown, the average earth excavations for abutments was about three and one-half feet deep, the actual average excavations made were about ten feet; thus requiring a largely increased amount of excavation and protection wall. The contract contained a clause that "all necessary extra work or additional material not specified in the bill of quantities * * * shall be agreed upon and the price therefor estimated" by the superintendent and the contractor with the consent of defendants. In an action to recover a balance alleged to be due under the contract plaintiffs claimed that the plans which were made a part of the contract having shown the base lines for abutments and walls, the additional depth of excavation was extra work, and that they were entitled to compensation therefor at the rate and in the manner provided for by

the clause in the contract relating to extra work. *Held*, untenable; that without regard to other clauses in the contract all work of a general character provided for in the specifications, even though the amount was greatly in excess of the estimated quantities, came within the work to be done at the contract prices; that the clause relating to extra work did not limit the work to be done at these prices to the actual quantities specified, as the plaintiffs had due notice that these quantities were simply an estimate of the amount of work required.

By the contract, plaintiffs agreed to "make the necessary earth excavation for abutments of arch culvert and retaining walls down to rock" at the rate per cubic yard specified, and it was further provided that "all loss or damage arising out of the nature of the work to be done under this specification or from any unforeseen obstruction or difficulty * * * shall be sustained by the contractor." *Held*, that these provisions, with those previously stated, showed clearly it was the intention of the parties in making the contract not to regard the quantities named as anything more than defendants' estimate.

(Submitted October 8, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 16, 1887, which affirmed a judgment in favor of plaintiffs entered upon a verdict directed by the court and also an order denying a motion for a new trial.

This action was brought to recover a balance alleged to be due plaintiffs under a contract between the parties, of which the following, omitting such portions as are not material to the question involved, is a copy:

"This agreement made and concluded the 8th day of June, 1882, between John Sullivan and Edward Shanley, contractors, of Catskill, New York, parties of the first part, and the President and Trustees of the Village of Sing Sing, acting as Commissioners of Highways of all that part of the Town of Ossining contained within the corporate limits of the said Village of Sing Sing, in the County of Westchester, State of New York, parties of the second part, *Witnesseth:* That the said parties of the first part, in consideration of the covenants and agreements herein contained on the part of the said parties of the second part, agree to build and construct a culvert

arch bridge, retaining walls, and all necessary work thereon, over Sing Sing kill on Central avenue, in the Village of Sing Sing, on or near the site of the bridge that recently existed on said Central avenue, and to furnish at their own cost all the labor and all the materials therefor, except such materials as are now on the grounds of the said site,  *  *.  *  and construct the said bridge in all respects in accordance with the plans and specifications for the same, made by Benjamin S. Church, civil engineer, dated May 29, 1882, hereto annexed, and which forms part of this contract, and to commence the work thereon within five days from the date of this agreement, and finish and complete the same in all respects to the satisfaction and acceptance of the said parties of the second part on or before the 15th day of September, 1882, next.  *  *  *
In consideration of the foregoing covenants the said parties of the second part agree to pay the said parties of the first part within twenty days after the full completion of the whole work, in accordance with this agreement, and upon the certificate of the superintendent or engineer that the contract specifications and conditions have all been fully complied with at the rate of the following sums, viz. : Earth excavation, at the rate of 35 cents per cubic yard ; rock excavation, at the rate of $1.50 per cubic yard ; embankment, at the rate of 40 cents per cubic yard ; brick masonry in arch, at the rate of $8 per cubic yard ; stone masonry in arch, at the rate of $7.50 per · cubic yard ; protection wall (dry), at the rate of $5.50 per cubic yard ; masonry in protection wall, at the rate of $6.50 per cubic yard ; iron railing at the rate of 70 cents per linear foot ; curb, at the rate of sixty cents per linear foot ; McAdam pavement, at the rate of $1 per square yard, and two catch drains, at the rate of $130 each, less, however, such amounts as may have been previously paid under the contract to said parties of the first part  *  *  *.    It is also mutually agreed that all necessary extra work or additional material not specified in the bill of quantities which may be found necessary to be done or furnished in the further prosecution of the work, in the opinion of the said superintendent, shall be

agreed upon and the price therefor established by said superintendent and contractor, with the consent of the parties of the second part. And it is also further agreed by and between the aforesaid parties that the said parties of the first part shall furnish and erect all necessary centering for said arch bridge at their own cost and expense. And for the full and faithful performance of this agreement on the part of the said parties of the first part they shall furnish two sureties in the sum of $10,000, to be approved by the said parties of the second part. It is also hereby agreed by and between the aforesaid parties to this agreement that Benjamin S. Church, civil engineer, shall be the superintendent of said work, and which work shall be done and performed under his direction and control, or his duly appointed assistant. (Here follow specifications, which are attached to contract.)    *    *    *."

The material provisions of the specifications and the facts, so far as material, are stated in the opinion.

*Smith Lent* for appellants.

*Francis Larkin* and *John Gibney* for respondents.

Parker, J. Prior to June 8, 1882, the defendants determined to construct a bridge over Sing Sing kill, on Central avenue, in the village of Sing Sing. In pursuance thereof civil engineers, employed for that purpose, prepared plans and specifications for the required work. Bids were solicited, which resulted in the acceptance of plaintiffs' proposal, which was followed by the formal execution of the contract for the construction of a bridge between these parties on the date above mentioned. The specifications, furnished the contractors as a basis for their proposals to do the work, being made a part thereof. The specifications, under the head of " quantities," contained the following:

"The following is an approximate estimate of the quantities of material required in the foregoing work: 500 cubic yards earth excavation; 150 cubic yards rock excavation; 4,600

cubic yards embankment; 200 cubic yards brick masonry; 190 cubic yards masonry protection wall."

"NOTE.— The above quantities are approximate only, but are considered sufficiently accurate for the purpose of basing a proposal. Contractors, however, will take such steps as they may deem necessary to verify the above quantities, as the Board of Trustees do not hold themselves absolutely bound by them."

According to the plans shown, the average excavation to earth rock for the east abutment was a little over two and one-half feet, and, for the west abutment, four* and one-half feet. While the actual average excavation made was ten feet under each abutment. So that instead of 500 cubic yards of earth excavation, there was 2,936⅓ yards; instead of 150 cubic yards of rock excavation, there was 1,245⅔ yards; instead of 4,600 cubic yards of embankment, there was 6,563 yards; and in lieu of 190 yards of masonry protection wall, there was 537 yards.

The contention of the plaintiffs in this action is, that the plans, which were made a part of the contract, having shown the base lines for both abutments, and all the wing walls, that the additional depth of excavation, which necessarily was made at greater expense to them as the depth increased was extra work within the intent and meaning of the following clause of the contract:

"It is also mutually agreed that all necessary extra work or additional material not specified in the bill of quantities, which may be found necessary to be done or furnished in the further prosecution of the work, in the opinion of the said superintendent, shall be agreed upon and the price therefor established by said superintendent and contractor, with the consent of the parties of the second part."

While on the part of the defendants it is insisted that the estimates made were not intended to be accurate, and that the contract considered in its entirety does not admit of a different construction.

The case was first tried before a referee, who construed the contract agreeably to plaintiffs' contention, and directed judgment to be entered in their favor for $7,867.32.

On appeal to the General Term, the judgment was reversed; re-trial resulted in a judgment for $5,350.61, that being the amount to which plaintiffs were entitled for all the work done at the prices named in the contract, with interest.

Stating appellants' position still more briefly it is, that all work in excess of the quantities named in the specifications, must be held to be extra work, although it be of the same general kind and character as that designated under the heading "quantities." This claim is founded upon that clause in the contract already alluded to, which provides : " That all necessary extra work or additional material not specified in the bill of quantities   *   *   *   shall be agreed upon and the price therefor established by said superintendent and contractor with the consent of the parties." The construction contended for by the appellants, therefore, assumes that, notwithstanding the specifications provide that the quantities of material estimated are only approximate, nevertheless the clause quoted referring to necessary extra work not specified in the bill of quantities, limits the work to be done at the prices named in the contract to the actual quantities specified. The mere statement of the proposition demonstrates that the construction contended for by the appellants is altogether too narrow and not in accord with the spirit and intent of the instrument. It would seem that the provisions in the contract relating to necessary extra work or additional material not specified in the bill of quantities was intended to be more comprehensive than contended for by the appellants, because it necessarily embraces not merely the number of cubic yards specified under that heading, but also all that is stated under the word "quantities." That it comprehends of necessity as asserted, that the quantities named are merely estimated, for it is not only provided that the quantities constitute simply an estimate intended as a basis for proposal, but the further precaution is taken of stipulating in that connection that the board of trus-

1890.]  SULLIVAN *v.* PREST., ETC., OF VIL. OF SING SING.   395.

Opinion of the Court, per PARKER, J.

tees do not hold themselves absolutely bound by the quantities, and that contractors will take such steps as they may deem necessary to verify them. Without, therefore, considering the other portions of the contract, it seems that a reasonable construction requires the holding that all work of a general character provided for in the specifications, even though the amount of it may have been considerably in excess of the estimated quantities, comes within the work to be done at the contract prices.

There are, however, other portions of the contract which, considered in connection with that already referred to, makes it clear that the construction given by the General Term must prevail.

· The contract provides that the parties of the first part (these plaintiffs) " agree to build and construct a culvert, arch, bridge, retaining walls and all necessary work thereon over Sing Sing kill on Central avenue in the village of Sing Sing,   *   *   .   * and to furnish, at their own cost, all the labor and all the materials therefor,   *   *   *   and to furnish all the materials and to construct the said bridge in all respects in accordance with the plans and specifications for the same made by Benjamin F. Church, civil engineer, hereto annexed, and which forms a part of this contract."

And, further, that " in consideration of the foregoing covenants the said parties of the second part agree to pay the said parties of the first part,   *   *   *   upon the certificate of the superintendent or engineer that the contract, specifications and conditions have all been fully complied with at the rate of the following sums, viz. : Earth excavation at the rate of 35 cents per cubic yard ; rock excavation at the rate of $1.50 ; embankment at the rate of 40 cents ; brick masonry and arch at the rate of $8 ; stone masonry and arch at the rate of $7.50 ; protection wall at the rate of $5.50 ; masonry and protection wall at the rate of $6.50."

The specifications which are made a part of the contract also provide that " the work to be done is to construct a. culvert, 25 feet span, with retaining walls ; to make the neces-

sary excavation; to provide and put in place the necessary embankment; to construct catch-basins, drains; to set and provide the necessary curbing; to provide and set iron railings; to do all the necessary work and provide the necessary material to macadamize the roadway over said culvert between the pavement now existing, and to do such other work as may be necessary to carry out the work according to the spirit of the accompanying specifications and the annexed plans, which are to be considered a part of this specification."

The specifications further provide that the parties of the first part will "make the necessary earth excavation for abutments of arch, culvert and retaining walls down to rock." So that it appears by the express terms of the contract that plaintiffs were to do all the work necessary to construct this bridge, and that as a part of it they were required to make the necessary earth excavations for abutments, arch, culvert and retaining walls down to rock, and that they were to do it at the rate per cubic yard provided in that portion of the contract already quoted.

The foregoing quotations from the contract demonstrate the correctness of the holding of the General Term that the work which the plaintiffs claim to be entitled to compensation for as extra work was not in fact such, but instead was work for which they were entitled to be paid according to the prices named in the contract.

There are still other clauses in the specifications which point out quite clearly that it was the intention of the parties in making this contract not to regard the quantities named as furnishing anything more than defendants' estimate of the amount of excavation which would likely be required to be made. In addition to the assertion made in connection with the list of quantities, that it constitutes but an approximate estimate, is the further warning to bidders that "contractors, however, will take such steps as they may deem necessary to verify the above quantities, as the board of trustees do not hold themselves absolutely bound by them," and the specifications still further provide : "All loss or damage arising out of the

nature of the work to be done under this specification, or from any unforeseen obstruction or difficulties which may be encountered in the prosecution of the same from the action of the elements, or from encumbrances on the line of the work, shall be sustained by the contractor."

The judgment should be affirmed.

All concur.

Judgment affirmed.