WILLIAM E. DEAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

MUNICIPAL CONTRACT — WHEN AMOUNT OF WORK THEREUNDER CANNOT BE LIMITED BY PLAN PROVIDING FOR LESS AMOUNT. Where a contract executed by a municipal corporation provided for the laying out of a new street between designated limits, and the regulating and grading thereof as called for by an ordinance of the common council and by the advertised proposals for bids, that the entire work should be done in substantial accordance with the specifications and a plan of the work to be performed showing grade lines and profile, the fact that the plan provided for only a portion of the whole length of the new street does not limit the amount of work to be done to that portion, since it must be regarded as merely subsidiary to the contract and as furnishing a guide in the prosecution of the work, and in case of a discrepancy between them, the contract, and not the plan, will control.

*Dean* v. *Mayor, etc., of New York*, 45 App. Div. 605, reversed.

(Argued March 15, 1901; decided April 30, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 10, 1900, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Charles W. Dayton* for appellant. The plaintiff was entitled to recover the damages sustained by being prevented from doing all the work required by his contract and necessary to regulate and grade the whole of Dyckman street from the Hudson river to Exterior street, and it was error to exclude the evidence offered in support of the same and to dismiss the third cause of action wherein recovery therefor was sought. (*Bonesteel* v. *Mayor, etc.,* 22 N. Y. 162; *Sullivan* v. *Vil. of Sing Sing,* 122 N. Y. 389; *Masterson & Smith* v. *Mayor, etc.,* 7 Hill, 61; *Jones* v. *Judd,* 4 N. Y. 411; *Messmore* v. *N. Y. S. & L. Co.,* 40 N. Y. 422; *Booth* v. *S. D. R. M. Co.,* 60 N. Y. 487; *Devlin* v. *Mayor, etc.,* 63 N. Y. 8; *Danolds* v. *State,* 89 N. Y. 36; *Wakeman* v. *W. & W. Mfg. Co.,* 101 N. Y. 205; *McMaster* v. *State,* 108 N. Y. 542.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. It was not error to dismiss the third cause of action. (*Byron* v. *Low,* 109 N. Y. 291; *Sweet* v. *Morrison,* 116 N. Y. 19; *O'Brien* v. *Mayor, etc.,* 139 N. Y. 543; *Beardsley* v. *Cook,* 143 N. Y. 143; *Weeks* v. *O'Brien,* 141 N. Y. 199; *Adams* v. *Mayor, etc.,* 4 Duer, 295; *Smith* v. *Briggs,* 3 Den. 73; *Butler* v. *Tucker,* 24 Wend. 447; *Smith* v. *Wetmore,* 41 App. Div. 290.) If there is any conflict between the plan and specifications, the contract should be construed in accordance with the manifest and expressed intention of the parties. (*District of Columbia* v. *Gallaher,* 124 U. S. 505; *Suarez* v. *Durálde,* 1 La. 260; *Harvey* v. *U. S.,* 8 Ct. Cl. Rep. 501; *Hill* v. *Miller,* 76 N. Y. 32; *Clark* v. *Woodruff,* 83 N. Y. 518; *Chadsey* v. *Guion,* 97 N. Y. 333; *Finelite* v. *Sinnott,* 125 N. Y. 683; *Smith* v. *Mayor, etc.,* 12 App. Div. 391; *Kelly* v. *Mayor, etc.,* 16 App. Div. 297.)

GRAY, J. The plaintiff has sued the city of New York upon three causes of action arising out of a contract between them for the regulating, grading, curbing, etc., by the former

of Dyckman street. The first cause of action stated in the complaint was for a balance due the plaintiff for work done under the contract. The second cause of action was for extra work, and the third cause of action was a claim to recover damages by reason of the plaintiff's not having been permitted to complete all the work to be done by him under the contract. The defense made by the city to the first cause of action, in addition to a denial of any balance being due, was that the final certificate, which had been given by the defendant's officer, charged under the provisions of the contract with that duty as to the work done, or materials furnished by the plaintiff, was false, fraudulent, untrue, and made in bad faith, in that it did not state the true and correct amount and character of the work done and of the materials furnished by the plaintiff under the contract. It was alleged that, upon the faith of the said certificate, the defendant had paid to the plaintiff the sum of upwards of $26,000 more than he was entitled to, and for this sum judgment was demanded against the plaintiff by way of a counterclaim. The defense to the third cause of action, for damages for not having been permitted to complete the contract, was that the work actually done by the plaintiff was all that was contracted with him to be done. Upon the trial, the second and third causes of action were dismissed, and the issue upon the first cause of action was submitted to the jury, who returned a verdict for the defendant in an amount somewhat less then its counterclaim. The judgment, which had been entered in favor of the defendant, having been affirmed by the Appellate Division, in the first department, the plaintiff has appealed to this court and he insists, among other errors alleged, that it was error for the trial court to dismiss his third cause of action. This presents an important question for our determination and one which, in my opinion, has been incorrectly decided below.

The contract in question provided for the laying out of a new street in the northern portion of the city of New York; running from the Hudson river, in an easterly direction, to Exterior street upon the Harlem river and the learned justices

of the Appellate Division, while in accord with respect to other questions, as we may discover from the opinions which were delivered, divided upon the question whether the terms of this contract, or the plan and profile which accompanied it, determined the amount of work which was to be done by the plaintiff. While the contract appeared upon its face to relate to the making of a street extending from the Hudson river to Exterior street, the plan and profile, which are referred to in the contract and in the specifications, delineate a length of street, with grade lines; cross sections, etc., commencing at the Hudson River railroad, which borders upon the Hudson river, and terminating at a point some twelve hundred feet before Exterior street is reached. The contract was made for the city by the commissioner of public works in pursuance of an ordinance of the common council, "that Dyckman street from Hudson river to Exterior street be regulated and graded, the curbstones set and sidewalks flagged, etc." The department of public works advertised for bids, in a notice to contractors for " proposals for estimates for regulating and grading Dyckman street from Hudson River to Exterior street and setting curbstones and flagging sidewalks therein," and " sealed estimates for the above work " etc. were invited. The contract advertised, and as executed, bore a heading in the same language as above quoted from the public notice. The plaintiff agreed therein, for the consideration thereinafter mentioned, that he would " at his own cost and expense furnish and provide all the materials and labor for the purpose, and regulate and grade Dyckman street from Hudson River to Exterior street, and set curbstones and flag sidewalks therein." He, also, agreed that he would " complete the entire work to the satisfaction of the Commissioner of Public Works, and in substantial accordance with said specification and the plan therein mentioned." The plan itself was indorsed as " Plan and Profile for regulating, grading, curbing and flagging Dyckman street from Hudson River to Exterior street." Upon the face of this plan appeared figures, showing estimates relating to the work to be done and which are similar

to those stated in the advertised notice to contractors bidding for the work.    These figures as to quantities were stated to be approximate only and bidders were required to satisfy themselves as to their accuracy.    The prices to be paid for materials and labor were stated and nothing in the language of the contract itself showed that anything less than a street extending between the terminal points mentioned was to be contracted for.    In the prevailing opinion below, however, it was held that the plan determined the amount of work which the plaintiff was to perform.    It was considered, as the work was to be done in accordance with the plan and profile and as the estimates for the work were based by the city upon the plan, and the measurements there shown, that a clear intention was indicated that the work to be done was only the work so shown upon the plan, and that it could not have been the intention to do any work not so shown, when there were no cross sections from which the work to be done could be determined and nothing to show as to other portions of the work.

While there is force in the view taken by the majority of the learned justices below, I am not able to agree with them and, in my opinion, the view of the minority is the more correct.    That view, briefly, is that the extent and general scope of the work to be done were plainly stated in the contract and were as called for by the ordinance of the common council and by the advertised proposal for bids.    As the contract was clear, it should govern and the plan and specifications should be regarded as subsidiary thereto and as intended to show the grade to which it was intended to bring the street, either by filling or by excavation, and to provide a guide in the prosecution of the work.    As the figures of estimates for the work to be done and for the materials to be furnished were approximate only, it was not a controlling circumstance that they were inaccurate as to the extent of ground to be covered; or that there was no complete plan furnished.    The prices were fixed for each cubic yard of filling, or of excavation, and that was sufficient for the plaintiff, whose risk it was if a complete plan was not furnished for the whole extent of the street.

3

·The presentation of this view has been well made by Mr. Justice BARRETT, at the Appellate Division, and I think little can be added to the discussion. In my opinion, if there is a discrepancy between the contract of the parties and the plan of the work to be performed under it, the former should control. I do not think that the implications from the plan, which seem to have influenced, more or less, the opinion of the majority below, should prevail over the clear terms of a contract, wherein the contractor has covenanted to furnish all the materials and labor for the performance of a certain described work, directed by the common council and advertised for by the department. (See *Smith* v. *Flanders*, 129 Mass. 322; *Sullivan* v. *Village of Sing Sing*, 122 N. Y. 389.) The proceedings, which preceded the making of the contract and authorized it, indicated an intention to carry out the ordinance by an entire contract and the office of the plan was to show the manner of performance. The plan might, or might not, be sufficient to guide the contractor, in prosecuting his contract beyond the point where the plan ceased. He might have considered that, with a grade line established and with prices fixed for all labor and materials, there was no risk, with the supervision of the municipal officers. But, however that may be, I am of the opinion that as the parties have contracted for the doing of a work prescribed by a municipal ordinance, the agreement must be deemed to relate to the work as directed and to control, and that the plan accompanying is subsidiary thereto. The contract expressed, and was intended to express, the agreement of the parties to it and measured the extent of their several obligations; while the plan, in accordance with which the contractor agreed to complete the work, was the chart by which he was to be guided in its performance. There was no ambiguity, or uncertainty, in the language of the contract, and a plan could introduce none, whose office was merely to show grade lines, and profile; although these were not given for the whole length of the new street. A plan was necessary and the contractor was bound to observe it; but it did not express his obligation; it illustrated its nature.

It did not control the contract awarded by the representatives of the municipal government. The plaintiff had a good cause of action for such damages as he might be able to show to have resulted from his not being permitted to complete his contract and, for the error in the dismissal of that cause of action, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Parker, Ch. J., Bartlett, Martin, Vann, Cullen and Werner, JJ., corcur.

Judgment reversed, etc.