

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
XXXXXXXXXXXXXXXXXXXXXXID  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mrs. B. B. Sapp  
Director and Executive Secretary  
Teacher Retirement System of Texas  
Austin, Texas

Dear Mrs. Sapp:

Opinion Number O-5126  
Re: Payment of contributions of de-  
ceased member where beneficiary des-  
ignated in will is different from  
beneficiary designated on regular form.

We have received your letter of March 12, 1943, which we quote in part as follows:

"The Teacher Retirement System of Texas respectfully requests an opinion from your Department on the following matter:

"If a member who has on regular form filed in this office designated a benefi-ciary to receive her accumulated contributions in case of death and in a sub-sequent will specifies another individual to receive the said contributions from the Teacher Retirement System, what would be the correct legal procedure for the Teacher Retirement System to follow in disposing of the accumulated contributions of said member?"

Subsection 5, Section 5 of the Teacher Retirement Act (Article 2922-1, Vernon's Annotated Civil Statutes) reads in part as follows:

"Should a member cease to be a teacher except by death or retirement under the provisions of this Act, he shall be paid in full the amount of the ac-cumulated contributions standing to the credit of his individual account in the Teacher Saving Fund. Should a memver die before retirement, the amount of his accumulated contributions standing to the credit of his individual ac-count shall be paid as provided by the laws of descent and distribution of Texas unless he has directed the account to be paid otherwise. . . ."

You have supplied us with additional information as follows:

The original beneficiary named predeceased the member, and the member drew her will three days before she (the member) died. The will has been probated, and a certified copy thereof has been furnished you. The original designation was made on a form adopted by the Retirement System which contains the following provisions:

"I hereby designate _____

(First given name) (Second given name)   (Last name)

_____

(Age)                    (Relationship)              (Address)

as my beneficiary to receive my accumulated contributions in the Teacher Saving Fund of the Teacher Retirement System in the event of my death before retirement. Should I, at some future time, decide to have my accumulated contributions paid to some one other than the party or person named above, I will make such change in writing upon a form prescribed by the System and file the same with the System, and it is my understanding that unless such change of beneficiary is filed at the office of the Teacher Retirement System at Austin, Texas, during my lifetime, it shall be void and of no effect. Should the beneficiary named above die before me, and I fail to name another, it is understood that my accumulated contributions shall be paid as provided by the laws of descent and distribution of Texas.

(HAVE TWO WITNESSES)

_____          _____
(Signature of Witness)                  (Member's Signature)

                                       Signed the _____ day of _____
_____
(Signature of Witness)
                                       _____, 19 _____ "

You wish to know (1) whether the contributions should be paid according to the laws of descent and distribution or to the person named in the will; and (2) whether under the quoted statute and the form adopted by the Retirement System the contributions of a deceased member should be paid to a beneficiary in a will in the event that both such persons are still living.

We have answered the first question in Opinion No. O-2907. In that Opinion two members of the Retirement System, who were sisters, designated each other as beneficiary. One sister died, but before her contributions could be paid to her sister, the second sister died. The second sister in her will had provided that all of her "earthly goods" should go to another person. In Opinion No. O-2907 it was held that the will constituted a sufficient designation under the statute and that the contributions of both sisters should be paid to the person designated in the will of the second sister.

In the situation under consideration the designation in the will was even more specific in that it was expressly stated that the contributions should be paid to the person named. In accordance with opinion No. O-2907 you are advised in answer to your first question that the contributions of the deceased member should be paid to the person named in the will.

The second point in which you are interested presents more serious questions. In Opinion No. 0-2048 your department was advised that the general clause, "all property of whatsoever kind, real, personal or mixed of which I may dies possessed" is bequeathed to a named person, did not change the beneficiary named in the form on file in the office of the Retirement System. But we said in that opinion: "The question here would be much more difficult if the will/had been executed subsequent to the original designation in the Teacher Retirement System had provided specifically that the accumulated contributions should be paid to someone other than the person designated in the form filed with the Teacher Retirement System."

We have been unable to find any decisions which have passed upon this question, and a resort to analogous cases relating to the payment of insurance proceeds produces confusion rather than enlightenment.

In the case of Grand Lodge, Knights and Daughters of Tabor, v. Mann, 282 S.W. 265, plaintiff had been named as beneficiary in a policy or certificate of insurance, but at a later date the insured in a will had named other persons as beneficiaries. These other persons presented a certified copy of the will to defendant, and it treated the instrument as a change of beneficiaries, and paid the amount of the certificate to such persons. The by-laws of the order provided that no change in the designation of beneficiaries should be effective until the old certificate had been received and a new one issued during the lifetime of the member, and until such time the original designation should remain in full force. Payment of a fee for such change was also covered. The court in holding that a change of beneficiaries had been effected made the following statement:

"Our Supreme Court, in the case of Splawn v. Chew, 60 Tex. 532, which holding has been a number of times reaffirmed since that decision, has directly held that such a provision in the by-laws of an insurance company, or other corporation, as the one here involved, is for the benefit and protection of the company alone, can be waived by it as it sees fit, and cannot be taken advantage of by others. In that case, as here, the change in beneficiaries was effected by the will of the insured, and it was held that those designated took the benefits under the certificates rather than those designated as beneficiaries in the certificate itself.

"The trial court's judgment seems to rest upon the conclusion that the change in beneficiaries had not in fact been made during the lifetime of the member, but this precise question, too, had been decided the other way by the Kansas Court of Appeals in Heydorf v. Conrack, reported in 52 P. page 700, 7 Kan. App. 202, under facts not in legal effect different from those here obtaining; that is, a member of the order having, during his lifetime, made a request for a change in beneficiaries in substantial accord with the contract between himself and the order in that respect, the designation so made of a new beneficiary was held not void by reason of the member's death prior to the granting of the same by the insurer. To the same effect appears to be the holding in Luhrs v. Luhrs, 25 N. E. 388, 123 N. Y. 367, 9 L.R.A. 534, 20 Am. St. Rep. 754."

See also Richardson v. Faithful, 289 S.W. 1054; McNeill v. Chinn, 101 S.W. 465; Bills v. Bills et al., 207 S.W. 614.

However, a recent decision of the Commission of Appeals and adopted by the Supreme Court might possibley be considered as in conflict with the Vann case. In the case of Garabrant v. Burns, et al., 111 S.W. (2d) 1100, it was held that the beneficiary named in the policy has a right to require that a change of beneficiaries be made substantially in accordance with the regulations or manner provided in the policy, that the change may be made in no other way, and that a substantial compliance therewith was necessary to effect the change. While a distinction is attempted to be drawn between the principal case and the Vann case, such distinction is not very clear in respect to the question under consideration.

See also: Wright v. Wright (W. E. Ref.), 44 S.W. (2d) 1019; Great Southern Life Ins. Co. v. Hukill (Dism. Judgm. Cor.), 151 S.W. (2d) 603; Kelly v. McDonald, (W.E. Dism.), 83 S.W. (2d) 414; Adams v. Adams (W.E. Dism.), 78 S.W. (2d) 664; Beck v. Beck, 90 ,S.W. (2d) 284; Brown v. Union Life Ins. Co. et al., 72 S.W. (2d) 661; Kerens Nat. Bank et al., v. Stockton, et al., 40 S.W. (2d) 7.

Were we called on to decide whether the Vann case or the Burns case controlled the question under consideration, we believe that we would be inclined to decide that the Vann case is applicable. In the first place, the State Board of Trustees derives its duties and powers from the Retirement Act. The only provision relating to the designation of beneficiaries to whom the accumulated contributions of a member shall be paid upon the death of such member is: ". . . unless he has directed the account to be paid otherwise." Can the Board of Trustees impose duties more onerous than the ones which the statute itself imposes? The Retirement Act is for the benefit of the teachers, as defined therein, and should be construed so as to effect this purpose. The Retirement Board of Trustees is under no duty to beneficiaries except to see that the designation of the member, if made in accordance with the terms of the Retirement A ct, is carried out. Of course, the Board of Trustees may make reasonable requirements so as to satisfy itself that the designation is genuine. Such would be necessarily implied. See Fort Worth Cavalry Club, Inc. v. Sheppard, 83 S W. (2d) 660. We also thing that the Board may take any reasonable means to protect the System and its funds, and in our opinion this is the object of the beneficiary form adopted by the Board. In other words, the Board does not want to pay accumulated contributions to one person designated as beneficiary and later find out that there was a later designation naming someone else. But it may be a different thing when the Board is satisfied t hat a subsequent designation has been made, and is a genuine one, before the money is paid out.

The Retirement Act set up for t eachers in the City of New York, considered by the court in the case of Ward v. Teachers' Retirement Board, 241 N.Y. S. 535, rev. 246 N.Y. S. 522, aff. 175 N. E. 347, required that a designation of beneficiaries be acknowledged. In accordance with the terms of

the Act, the court held that a designation not acknowledged was ineffective. But the court strongly intimated that unless the Act itself required an acknowledgment, the designation would have been given effect.

We are not definitely answering your second question for the reason that the matters inquired about are not before you at this time. We simply wanted to show you that the question is certainly not free from doubt. We suggest that a possible means of eliminating the chance of such a situation confronting you is the addition of a provision to your adopted form to the effect that these provisions relating to change of beneficiary are for the sole protection and benefit of the Teacher Retirement System and the Board of Trustees, and upon proof of a subsequent designation may be waived by the Board of Trustees in its discretion, and only by the Board of Trustees.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks

George W. Sparks
Assistant

APPROVED MAR 24, 1943
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

GWS-s:egw

O.K. C.C.R.

APPROVED
Opinion Committee
By B.W.B.
Chairman