■ LAURA ROOFING & RENOVATING CO., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover for work performed pursuant to a construction contract, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 2, 1976, which granted defendant-respondent's motion for "summary judgment dismissing the complaint" and denied its cross motion for summary judgment. Order modified, on the law, by deleting (1) so much of the first decretal paragraph thereof as granted defendant's motion and substituting therefor a provision that the said motion is denied and (2) the second decretal paragraph thereof. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Plaintiff-appellant submitted a bid to remove and replace roofing at Public School 81 in Manhattan. It was awarded the contract as low bidder and commenced work. The contract directed plaintiff to "Remove from entire roof all existing roof material down to concrete slab". The general specifications indicated that such a roof would be composed of four plies of material and, while there was no indication in the contract as to the number of plies of roofing material to be removed, it is clear that both plaintiff and defendant assumed that there were only four plies to be removed from the roof of the school. The only sure way to determine the number of plies by a direct examination is to make a test cut into the roof. It is uncontroverted that defendant did not allow the making of a test cut. The contract contained provisions requiring bidding contractors to examine the contract and the specifications "and satisfy themselves as to the quantity of the work, and from personal examination of the location of the proposed work and the surroundings thereof, make their own estimate of the facilities and difficulties attending the performance and completion of the proposed work." No subsequent complaints about the contract requirements were to be allowed, and contractors were directed to submit written requests for an interpretation of any doubtful matters or suspected errors or discrepancies in the contract, plans or specifications. Also, the contract provided that: "Neither the City nor Board, nor any department or officer thereof, shall be precluded or estopped by any return or certificate made or given by The Board, any Director or other officer, agent or appointee of The City or of The Board under any provision of this agreement from showing at any time (either before or after the final completion and acceptance of the work and payment therefor pursuant to any such return or certificate) showing the true and correct amount and character of the work done and materials furnished by The Contractor, or any other person under this agreement, or from showing at any time that any such return or certificate is untrue and incorrect or improperly made in any particular, or that the work and materials or any part thereof, do not in fact conform to the specifications; and neither The City nor The Board shall be precluded or

estopped, notwithstanding any such return or certificate and payment in accordance therewith, from demanding and recovering from The Contractor such damages as it may sustain by reason of his failure to comply with the specifications." When plaintiff started to remove the old roofing, it discovered that there were eight plies of roofing. Defendant's area manager was informed of this and agreed, subject to the contract provisions, to pay an additional $6,171 for the removal of the four additional plies of roofing. Plaintiff then removed the additional four plies. Pursuant to orders of the Comptroller of the City of New York, defendant canceled the change order issued by the area manager. (It was suggested that plaintiff file a claim with the Comptroller for the $6,171.) The basis for this cancellation was the conclusion of the Comptroller that the contract was clear and called for the removal of all roofing material down to the concrete slab. This action was commenced and, after issue was joined, defendant moved "pursuant to CPLR 3212" for "summary judgment dismissing the complaint * * * on the grounds that plaintiff has failed to state a cause of action". Plaintiff cross-moved for summary judgment in the amount of $6,171, claiming that there were no triable issues of fact. Trial Term found for defendant on the grounds that the contract provisions were clear and called for the removal of all roofing material at the contract price, and that the defendant was not guilty of any fraud or misrepresentation. We hold that there is an issue of material fact which must be determined at the trial and about which the record is silent, viz., was defendant in ownership or control of Public School 81 at the time the eight plies of roofing were installed or, if not, did it know, when soliciting bids, that the existing roofing consisted of eight plies instead of the usual four (see *Nordone Contr. Co. v City of New York,* 269 App Div 1035, affd 295 NY 985). A contractor is not to be foreclosed by standard exculpatory clauses which place the burden to investigate the site and to discover potential problems wholly upon it, when the State or municipality is chargeable with knowledge of their existence and location (see *County Asphalt v State of New York,* 40 AD2d 26; *Waldman & Co. v State of New York,* 41 NYS2d 704). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.