*Municipal Court of the
City of Boston*
No. T-27622
**HARRY SILVA**
v.
**PAUL J. STAMATOS**

Argued: Dec. 14, 1973 - Decided: Apr. 1, 1974

*Present:* Glynn, J. (Presiding), Canavan, De-Guglielmo, JJ.

Case tried to *Doerfer, J.*

**DeGuglielmo, J.** This is an action of contract on a promissory note dated December 23, 1963, and signed by the defendant. The defendant pleaded general denial, discharge, payment and the Statute of Limitations.

The promissory note on which this action is based reads as follows:

"$15,000

Boston, Massachusetts, December 20, 1963
"FOR VALUE RECEIVED the undersigned promises to pay Philip Fanger or order the sum of fifteen thousand dollars ($15,000) together with interest at the rate of six percent (6%) per annum on said amount or such part thereof as shall remain unpaid from time to time in equal weekly payments of sixty-seven dollars ($67) per week, the first such payment to be due on the 27th day of December 1963, and the entire sum in or within five (5) years from date. Each of such payments shall be applied entirely to principal until the entire principal amount shall have been paid. Thereafter such payments shall be applied to interest.

"All overdue payments of principal or interest shall bear interest at the rate of eight percent (8%) per annum.

"If any payment due hereunder of principal or interest shall remain unpaid for a period of five (5) days or more . . . . . .

*(Immaterial portions omitted)*
In the presence of Gerard D. Goldstein
(s) PAUL J. STAMATOS''

As of February 10, 1964, the defendant was in default of his obligation under the note and the then holder of the note demanded payment in full from the defendant.

On April 10, 1964, the plaintiff, defendant, and the original holder of the note culminated a series of negotiations by reducing their agreements to the documents as follows: — a letter dated April 10, 1964 from one Fanger, the holder, to the plaintiff, assented to by the plaintiff and defendant, and a so-called agreement under the same date and signed by the defendant.

The letter reads as follows:

''Harry Silva April 10, 1964
 646 Warrent Street
 Boston, Massachusetts
 Dear Mr. Silva:
 This will serve to confirm our understanding with respect to the resolution of any and all matters between the undersigned Paul G. Stamatos, Robert Fanger, P. J. Stamatos & Co., Inc., and Fanger & Stamatos, Inc. and yourself which is as follows:
 1. On or before twelve noon on April 10, 1964, you are to deliver to me a certified or bank cashier's check or cash in the amount of five thousand dollars ($5,000).
 2. Upon receipt of such monies I am to assign to you without recourse and without any warranties or representations a promissory note dated December 20, 1963, which I hold from Paul J. Stamatos, and I am to deliver to you together therewith a complete and general re-

lease of all claims which I may have against said Paul J. Stamatos and P. J. Stamatos & Co., Inc. You are to deliver to me a full and complete release from Paul J. Stamatos of all claims which he may have against me. It is understood that this release will be satisfied by the release contained in an agreement of even date herewith which is being executed contemporaneously herewith.

3. My attorney, Gerard D. Goldstein, is to hold the sum of one thousand dollars ($1,000) as security for the obligation of Robert D. Fanger and Fanger & Stamatos, Inc. to pay Paul J. Stamatos such sums as may be due to him under said agreement of even date herewith. As monies are paid to Paul J. Stamatos pursuant to those arrangements, my attorney shall be authorized to release to me an equivalent amount of said deposit.

If the foregoing correctly sets forth our understanding, kindly sign and return the enclosed copy.

Assented to:

(s) PAUL J. STAMATOS (s) PHILIP FANGER
 PAUL J. STAMATOS PHILIP FANGER
—————————————,,

HARRY SILVA

The agreement of April 10, 1964 reads as follows:

"AGREEMENT

"WHEREAS, HARRY L. SILVA is a holder in due course of a promissory note, dated December 20, 1963 and executed by Paul J. Stamatos payable to the order of Philip Fanger:

"1. The said Paul J. Stamatos agrees that if he receives moneys from Jack's he will pay the said Harry L. Silva the balance due on the note. However, if the money is not forthcoming, the said Stamatos agrees in order to secure the note, that he will assign, or cause any other corporation which he may subsequently form to carry on the food brokerage business to assign, to Harry L. Silva all moneys coming due under

the "Penobscott account", such assignment providing for direct payment from Penobscott to Harry L. Silva. To the extent that the "Penobscott" account does not, for two consecutive months, amount to a minimum of $350.00 per month, Stamatos agrees that he shall assign additional accounts to secure the payment of this said monthly minimum. It is agreed, however, that the accounts so additionally assigned, shall not be notified of the assignment, and that Stamatos can elect to retain the moneys coming from said accounts and make up the difference to the said minimum personally. To the extent that the "Penobscott account", and the payment pursuant to the above mentioned further assignments or the election thereunder do not amount to the said minimum of $350.00 per month, then Stamatos personally agrees to pay the difference.

Executed under seal this tenth day of April, 1964.

(s) PAUL J. STAMATOS
PAUL J. STAMATOS
P. J. STAMATOS, INC.
by (s) PAUL J. STAMATOS"

There was no finding of a default or date, if any, of default of the April 10, 1964 "Agreement" or letter by the defendant. The instant case was begun by writ dated July 21, 1971.

The court made the following finding:

"Upon all the evidence I find the following facts:

"The note in question contains an acceleration clause making it due and payable upon default of the maker thereof;

The defendant was in default on his obligation under said note on or prior to February 10, 1964, not having made all

payments due at the time they were due by said time;

The plaintiff's predecessor in interest, Fanger, demanded payment from the defendant at a time when the defendant was in default prior to April 10, 1964;

The plaintiff had reason to know that the defendant was in default at the time the note was transferred to him;

The within action was commenced by a writ dated July 21, 1971."

The court then ruled that the action was barred by the Statute of Limitations.

By the finding of fact, the court has ruled that there was a default and acceleration of the original note. That finding must stand unless plainly wrong.

It is fundamental that a party may waive a breach of contract committed by an adverse party. *Taxi Service Co.* v. *Gulf Refining Co.,* 252 Mass. 314, 320. *Hutchinson* v. *Liverpool Ins. Co.,* 153 Mass. 143.

 From an examination of the agreement dated April 10, 1964, and the letter of the same date, it would appear that the parties waived any existing breach and either intended to revive the note itself or the effect of the promissory note dated December 20, 1963 by modifying the terms of payment and establishment of a new contract.

 There is no evidence reported determining the date subsequent to April 10, 1964

on which the breach occurred, and upon which the present action is brought. The original breach having been waived by mutual assent of all parties, the finding by the trial justice that the action is barred by the Statute of Limitations is erroneous.

██ Another interpretation of the uncontested documents before us is that the acts of the parties may have resulted in a novation:— the requisite for a novation being a previous valid obligation, an agreement of all parties to a new contract, the extinguishment of the old contract and the validity of the new one. *Larsen* v. *Jeffrey Nichols Motor,* 279 Mass. 362. *Coral Gables* v. *Granara,* 285 Mass. 565. *Robins* v. *Republic Foil,* 42 Mass. App. 10. *Baldwin Steel Erection Co.* v. *Champy Construction Co.,* 353 Mass. 711.

Whether there was a novation is a question of fact. *Coral Gables* v. *Granara,* 285 Mass. 565. *Favei* v. *Denehy,* 332 Mass. 691, 697.

If, at a retrial of this matter, it should be determined that, in fact, a novation has been formed, a question of pleadings will arise.

In view of our opinion, that because there is a considerable amount of unreported evidence upon which findings must be made, the matter should be sent back for a new trial on the merits. We will not, at this time, determine whether the facts justify a finding that there has been a waiver of the breach of payment of the promissory note at bar predicated upon

the documents of April 10, 1964, (supra) or whether there has been in fact a novation predicated upon a new contract between the parties, and we are unable to determine the time of breach of the terms of the presumed novation and/or original promissory note.

The finding of the trial judge is hereby vacated.

**Finding for the defendant vacated.**

**New trial ordered.**

RUBIN E. GARBER and
PAUL WILLIAM GARBER
 both of Boston, for the Plaintiff